Jeffrey D. Brunson, ISB No. 6996
John M. Avondet, ISB No. 7438
BEARD ST. CLAIR GAFFNEY PA
2105 Coronado Street
Idaho Falls, Idaho 83404-7495
Telephone: (208) 523-5171
Facsimile:  (208) 529-9732
Email: jeff@beardstclair.com
          javondet@beardstclair.com

Attorneys for the Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| YELLOWSTONE POKY, LLC, an Idaho Limited Liability Company;<br><br>    Plaintiff,<br><br>vs.<br><br>FIRST POCATELLO ASSOCIATES, L.P.,<br><br><br><br>    Defendant. | Case No.: 4:16-cv-00316-BLW<br><br>REPLY TO DEFENDANT'S CONSOLIDATED MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT [DKT. 24], PLAINTIFF'S MOTION TO JOIN PARTIES [DKT. 25], AND ROGER FEATHERSTON'S MOTION TO INTERVENE [DKT. 26]. |
| FIRST POCATELLO ASSOCIATES, L.P.,<br><br>    Counterclaimant,<br><br>vs.<br><br>YELLOWSTONE POKY, LLC, and FEATHERSTON HOLDINGS, INC.,<br><br>    Counterdefendants. | |

The Plaintiff, Yellowstone Poky, LLC, by and through counsel of record, submits

the following Reply to Defendant's Consolidated Memorandum in Opposition to

Plaintiff's Motion to Amend Complaint [Dkt. 24], Plaintiff's Motion to Join Parties [Dkt. 25], and Roger Featherston's Motion to Intervene [Dkt. 26].

## INTRODUCTION

The Defendant First Pocatello Associates, L.P. (FPA) opposes the Plaintiff's motion by reasserting its argument that the administrative suspension of Featherston Holdings, Inc. (FHI) deprives the Plaintiff of standing to sue to enforce the Real Estate Purchase and Sale Agreement (Agreement), and by asserting that the claims against Intermountain Real Estate Idaho d/b/a/ Coldwell Banker Commercial Advisors (CBCA) and Don Zebe (Zebe) are unripe. The Defendant's arguments all fail.

## ARGUMENT

**I.  The Motion to Amend Complaint is Not Futile and Roger Featherston and Yellowstone Poky, LLC have Protectable Interests.**

In its consolidated memorandum, the Defendant reasserts its arguments from the Defendant's Memorandum in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(1) [Dkt. 30-1] that the Plaintiff lacks standing to sue because the California Franchise Tax Board (CFTB) had suspended FHI at the time of contracting and when this action was brought in state court. The Plaintiff has responded to these arguments in its Docket No. 33 filing. The arguments set out in Docket No. 33 are incorporated by reference in this Reply.

FHI was never a party to the Agreement, so its standing in California is irrelevant to enforcement of the Agreement against FPA. The Agreement clearly states that the parties to the Agreement were FPA and Featherston Holdings or Assigns. (*See* Def. Ans., Countercl., and Jury Demand, Ex. 1, p. 1, Docket No. 11.) The Defendant points out that

Roger Featherston signed the Agreement as "President and CEO" of Featherston Holdings, arguing that if he were not signing on behalf of his suspended corporation, he would not have invoked the corporate titles. However, this is hardly dispositive evidence of Roger Featherston's intent, as he signed two subsequent addenda as the "General Partner" and "Managing Member" of Featherston Holdings. (*See* Def. Ans., Countercl., and Jury Demand, Ex. 2, p. 5, Ex. 3, p. 3, Docket No. 11.) By the Defendant's reasoning, Roger must have signed the Agreement on behalf of a corporation, the first addendum on behalf of a partnership, and the second addendum on behalf of a limited liability company. Clearly the term subscribed beneath Roger's signature is poor evidence of Roger's intent to sign on FHI's behalf and a more probable reading of the evidence is that the corporate entity was not, at best, uniquely involved in the transaction.

Regardless, FHI is in the process of being revived and receiving relief from voidability of contracts, which works retroactively to validate acts undertaken during the term of the corporation's suspension. *See Peacock Hill Assn. v. Peacock Lagoon Constr. Co.*, 8 Cal.3d 369, 373-74, 105 Cal.Rptr. 29, 503 P.2d 285 (1972). (*See* Aff. of Mark Cummins, Ex. A, Dkt. No. 32-2.) Even if FHI was the original party to the Agreement, upon its revivor it will be deemed to have capacity both to sue and contract. *See Peacock Hill*, 8 Cal.3d at 373-74; CAL. REV. & TAX. CODE § 23305.1. Finally, the Defendant has no standing to assert a statute of frauds defense regarding the assignment between any of Roger's entities, or Roger individually, and Yellowstone Poky, LLC. *See Franz v. Parke*, 111 Idaho 1005, 1008-09, 729 P.2d 1068, 1971-72 (Ct. App. 1986).

Since either Featherston Holdings, the assumed business name of Roger Featherston, or FHI, the California corporation that will be revived by the CFTB, had

Reply to Defendant's Consolidated Memorandum in Opposition to Plaintiff's Motion to Amend Complaint [Dkt. 24], Plaintiff's Motion to Join Parties [Dkt. 25], and Roger Featherston's Motion to Intervene [Dkt. 26] - **3**

standing to sue and enter the Agreement, that standing was validly assigned to the Plaintiff and FPA has no competent evidence to the contrary. The proposed amendments to the complaint are not futile for lack of standing or of a protectable legal interest.

Roger Featherston has a significant protectable interest in the Agreement to support his intervention in this action because he is an original signor to the Agreement and because he is the sole principal of Yellowstone Poky, LLC and FHI. The Defendant has claimed the defense that this action is not prosecuted in the name of the real party in interest. (Def. Ans., Countercl., and Jury Demand, p. 11, Dkt No. 11.) As the Plaintiff's sole principal, the original signor of the Agreement, and the principal of the party the Defendant claims is the original signor of the Agreement, Roger Featherston clearly has a protected interest and must be permitted to intervene.

Roger Featherston's interests are not entirely represented by Yellowstone Poky, LLC because his own personal information was misappropriated by FPA. Since the validity of Yellowstone Poky, LLC's standing and interest in this action has come into question, Roger Featherston's interests may be undefended unless he is permitted to intervene and assert those interests in a consolidated suit.

## II. The Claims Against CBCA and Zebe Make Them Necessary Parties to the Action.

The first part of the Court's joinder analysis is to determine whether the parties to be joined are necessary under Rule 19(a). *Knox v. U.S. Dep't of Interior*, 759 F. Supp. 2d 1223 (D. Idaho 2010). Under Rule 19(a), a party should be joined if (1) the court cannot accord complete relief among existing parties, (2) the person claims an interest related to the subject of the action, and if not permitted to join the person's ability to protect that

interest will be impaired, or (3) the person's absence may leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the person's interest in the subject of the action. FED. R. CIV. P. 19(a).

As the drafters of the Agreement and addenda, and as the agents of the Defendant, CBCA and Zebe have an interest in the subject matter of the action. The Plaintiff's claims against CBCA and Zebe are closely intertwined with claims between the original parties, such that a failure to join CBCA and Zebe is likely to result in multiple suits and risk inconsistent results. For example, if CBCA and Zebe were not joined to this action, and if the Court ruled in the Defendant's favor regarding the Defendant's partial motion to dismiss for alleged violation of the statute of frauds [Dkt. 7], then the Plaintiff would need to bring a separate action against CBCA and Zebe for negligence, negligence per se, and breach of the Idaho Real Estate Brokerage Representation Act in state court.[1] The state court could reach a different conclusion with regard to the alleged statute of frauds defect and enforceability of the contract. This is precisely the type of inconsistent result Rule 19 seeks to prevent.

The claim against CBCA and Zebe for misappropriation of trade secrets is similarly tangled up with the claim against the Defendant. In order to obtain an injunction against Zebe's actual or threatened use of the Plaintiff's protected information, Zebe must either be a party to this action or, if Zebe cannot be joined, the Plaintiff must file a separate suit in state court alleging the same misconduct. The state court could reach

---

[1] Since Zebe is a resident of Idaho, the parties are not diverse, so the separate action could not be brought in this Court.

Reply to Defendant's Consolidated Memorandum in Opposition to Plaintiff's Motion to Amend Complaint [Dkt. 24], Plaintiff's Motion to Join Parties [Dkt. 25], and Roger Featherston's Motion to Intervene [Dkt. 26] - **5**

results inconsistent with the outcome of this case. Thus, CBCA and Zebe are both necessary and indispensable to this action and joining them is consistent with Rule 1.

### III. The Claims Against CBCA and Zebe are Ripe.

The Defendant repeatedly raises the argument that the claims against CBCA and Zebe for negligence, negligence per se, and breach of the Idaho Real Estate Brokerage Representation Act are not ripe because this Court has not yet ruled on the Defendant's partial motion to dismiss for violation of the statute of frauds [Dkt. 7]. But this argument falsely assumes that the Plaintiff would have no such claims against CBCA and Zebe if the Court rules in the Plaintiff's favor on the partial motion to dismiss. In fact, the Plaintiff would have a claim regardless; only the damages differ in value depending on the outcome of the Defendant's partial motion to dismiss.

The proposed First Amended Complaint alleges that CBCA and Zebe breached their duty[2] to perform ministerial acts for the benefit of the Plaintiff and to do so properly. This duty included drafting the Agreement with a complete legal description of the property to be sold. Bafflingly, Zebe, with CBCA's oversight, used a standard Realtor's form for the sale of a $21 Million property, with only a minimal legal description. (Def. Ans., Countercl., and Jury Demand, Ex. 1.) Even if the Court determines that the legal description included in the Agreement is sufficient to describe

---

[2] Despite the Defendant's protestations to the contrary, Featherston Holdings or Assigns, and then by assignment Yellowstone Poky, LLC, were "customers" of CBCA and Zebe under Idaho Code § 54-2086, and by the "plain language of the Agreement," on page 5: "EACH PARTY UNDERSTANDS THAT HE IS A 'CUSTOMER' AND IS NOT REPRESENTED BY A BROKERAGE UNLESS THERE IS A SIGNED WRITTEN AGREEMENT FOR AGENCY REPRESENTATION." (Def. Ans., Countercl., and Jury Demand, Ex. 1, p. 5, Docket No. 11) (emphasis in original). CBCA and Zebe therefore had a legal duty to the Plaintiff.

Reply to Defendant's Consolidated Memorandum in Opposition to Plaintiff's Motion to Amend Complaint [Dkt. 24], Plaintiff's Motion to Join Parties [Dkt. 25], and Roger Featherston's Motion to Intervene [Dkt. 26] - **6**

the property for purposes of the statute of frauds, CBCA and Zebe's negligent performance of their duty would still have subjected the Plaintiff at least to the significant distress, delay, costs, and uncertainty of having to defend the legal enforceability of an Agreement with ambiguous vital terms. If the Court rules in the Defendant's favor, the Plaintiff's damages against CBCA and Zebe will expand to at least the lost benefit of the Agreement. CBCA and Zebe should be joined to this suit so the Plaintiff can receive relief, as well as its attorney's fees and costs incurred as a result of the breaches of duties. The Plaintiff's claims remain ripe irrespective of the outcome of the motion to dismiss.

The proposed First Amended Complaint alleges a substantial, current controversy with CBCA and Zebe for these claims, in satisfaction of the traditional requirements for ripeness. *Golden v. California Emergency Physicians Med. Group*, 782 F.3d 1083, 1086-87 (9th Cir. 2015) (Defining traditional ripeness standard as "whether there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment"). The only thing that is yet unclear, dependent on the Court's decision on the Defendant's partial motion to dismiss [Dkt. 7], is the extent of the damages.

## CONCLUSION

As a result of the foregoing, the Motions to Amend, Join, and Intervene should be granted.

DATED: October 28, 2016

*/s/ Jeffrey D. Brunson*_____
Jeffrey D. Brunson
John M. Avondet
Of Beard St. Clair Gaffney PA
Attorneys for the Plaintiff

Reply to Defendant's Consolidated Memorandum in Opposition to Plaintiff's Motion to Amend Complaint [Dkt. 24], Plaintiff's Motion to Join Parties [Dkt. 25], and Roger Featherston's Motion to Intervene [Dkt. 26] - **7**

**CERTIFICATE OF MAILING OR HAND DELIVERY**

I certify I am a licensed attorney in the state of Idaho, I have my office in Idaho Falls, Idaho, and on October 28, 2016, I served a true and correct copy of the *Reply to Defendant's Consolidated Memorandum in Opposition to Plaintiff's Motion to Amend Complaint [Dkt. 24], Plaintiff's Motion to Join Parties [Dkt. 25], and Roger Featherston's Motion to Intervene [Dkt. 26]* upon the following by the method of delivery designated:

| | |
|---|---|
| Howard D. Burnett<br>Hawley Troxell Ennis & Hawley<br>PO Box 100<br>Pocatello, ID 83204 | ☒ CM/ECF |
| John K. Olson<br>Hawley Troxell Ennis & Hawley<br>PO Box 1617<br>Boise, ID 83701-1617 | ☒ CM/ECF |
| U.S. District Court<br>801 E. Sherman<br>Pocatello, ID 83201 | ☒ CM/ECF |

*/s/ Jeffrey D. Brunson*_____
Jeffrey D. Brunson
John M. Avondet
Of Beard St. Clair Gaffney PA
Attorneys for the Plaintiff