Howard D. Burnett, ISB No. 3377
HAWLEY TROXELL ENNIS & HAWLEY LLP
333 South Main Street
Post Office Box 100
Pocatello, ID 83204
Telephone: 208.233.0845
Facsimile: 208.233.1304
Email: hburnett@hawleytroxell.com

Steven F. Schossberger, ISB No. 5358
John K. Olson, ISB No. 6807
Justin Cranney, ISB No. 8061
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5248
Email: sschossberger@hawleytroxell.com
       jolson@hawleytroxell.com
       jcranney@hawleytroxell.com

Attorneys for Defendant/Counterclaimant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| YELLOWSTONE POKY, LLC, an Idaho Limited Liability Company,<br><br>      Plaintiff,<br><br>vs.<br><br>FIRST POCATELLO ASSOCIATES, L.P., a New Jersey limited partnership,<br><br>      Defendant. | Case No. 4:16-CV-00316-BLW<br><br>DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT RECORD [DKT. 32] |

FIRST POCATELLO ASSOCIATES, L.P.,

    Counterclaimant,

vs.

YELLOWSTONE POKY, LLC, and FEATHERSTON HOLDINGS, INC.,

    Counterdefendants.

Defendant-Counterclaimant First Pocatello Associates, L.P. ("First Pocatello") respectfully submits this Memorandum in Opposition to Plaintiff's Motion for Leave to Supplement Record [Dkt. 32].

## I.
## BACKGROUND

On September 30, 2016, First Pocatello filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) [Dkt. 30]. In support of its Motion, First Pocatello argues that because Featherston Holdings, Inc. ("FHI") was a tax-suspended entity under California law, it lacked capacity to enter into the underlying Real Estate Purchase and Sale Agreement and its addenda (collectively the "Agreement") and lacked capacity to assign any of its rights under the Agreement to Yellowstone Poky, LLC ("Yellowstone Poky"). First Pocatello also argues that given the defects in FHI's legal capacity because of its tax-suspension, it also lacks standing to maintain the present lawsuit. FHI therefore lacked (and continues to lack) both: (1) the legal capacity to enter into the Agreement and/or assign rights under the Agreement to Yellowstone Poky; and (2) standing to prosecute this lawsuit. In light of these defects, First Pocatello argues, among other things, that--assuming an assignment of interest

actually occurred between FHI and Yellowstone Poky--Yellowstone Poky took an interest subject to the same defects as FHI and similarly lacks standing to maintain this lawsuit.

In conjunction with its Memorandum in Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) [Dkt. 33], Plaintiff also filed its Motion for Leave to Supplement Record [Dkt. 32], which was supported by a supporting Memorandum [Dkt. 32-1] and the Affidavit of Mark Cummins [Dkt. 32-2]. Attached as Exhibit A to the Affidavit of Mark Cummins [Dkt. 32-2] is a copy of an Application for Certificate of Revivor–Corporation, signed by Roger Featherston, dated October 24, 2016, and purportedly submitted to the California Franchise Tax Board in an effort to start the process of reviving "Featherstone [sic] Holdings, Inc." In light of that purported filing, Plaintiff now requests leave to supplement the record in the event that the California Franchise Tax Board grants FHI's Application for Certificate of Revivor prior to the November 10, 2016 hearing on pending motions. Memorandum in Support of Motion for Leave to Supplement Record [Dkt. 32-1] at 3.

## II.
## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 6(b)(1)(A), "[w]hen an act may or must be done within a specified time, the court may, **for good cause**, extend the time…if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A) (emphasis added). Similarly, Local Rule 6.1(a) states that requests for time extension concerning motions "will be granted only upon a showing of good cause." Local Civ. R. 6.1(a). Under Fed. R. Civ. P. 6, "[w]hen interpreting 'good cause' for the purposes of a 6(b)(1)(A) motion, where the original deadline for filing has not yet expired and no showing of excusable neglect is required, the Ninth

Circuit Court of Appeals has looked at the same factors as those used in evaluating excusable neglect (including reason for delay, prejudice to the other party, and good faith)." *Baldwin v. United States*, 823 F. Supp. 2d 1087, 1114 fn. 23 (D. N. Mar. I. 2011) (citing *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259–60 (9th Cir. 2010).

The District of Idaho outlines the four factors as follows: "(1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Vanorden v. Bannock Cty.*, No. 4:14-CV-00303-REB, 2015 WL 2193803, at *2 (D. Idaho May 11, 2015) (citations omitted).

## III.
## ARGUMENT

Yellowstone Poky's Motion for Leave to Supplement Record should be denied, because Plaintiff has not shown "good cause" as required by Fed. R. Civ. P. 6. Specifically, the third and fourth factors—"reason for the delay" and "good faith"—weigh heavily in favor of denial of Plaintiff's Motion. Additionally, Plaintiff's requested supplementation of the record would not affect the outcome of Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction— receipt of a Certificate of Revivor will not cure the defects in Plaintiff's standing, because even a successful revivor will not retroactively cure FHI's lack of capacity to enter into or assign the underlying Real Estate Purchase and Sale Agreement under either California or Idaho law.

DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO SUPPLEMENT RECORD [DKT. 32] - 4

     **a.**     **Procedurally, Plaintiff has not shown "good cause" to justify an extension of time to supplement the record under Fed. R. Civ. P. 6 because it has not acted in good faith.**

As stated above, the applicable federal and local rules require Plaintiff to make a showing of "good cause" in order to justify the extension of time to supplement the record beyond the time allowed to file their responsive briefing. *See* Fed. R. Civ. P. 6(b)(1)(A); Local Civ. R. 6.1(a). While "good cause" is generally not a rigorous standard, "[l]ack of an acceptable explanation for failure to act earlier warrants denial of F. R. Civ. P. 6(b) relief." *Hill v. England*, No. CV F 036903 LJO TAG, 2007 WL 3132930, at *2 (E.D. Cal. Oct. 23, 2007). A recent decision from this District highlights the importance of an acceptable explanation for failure to act earlier under a Rule 6(b) analysis.

In the case of *Adaptive Tactical, LLC v. Fab Mfg. & Imp. of Indus. Equip. Ltd.*, Judge Dale held that Defendant FAB Manufacturing had failed to demonstrate "good cause" under Rule 6(b) to justify expediting FAB Manufacturing's motion to stay discovery. No. 116CV00048EJLCWD, 2016 WL 4699680, at *1 (D. Idaho Sept. 7, 2016). Specifically, the court held:

> Fed. R. Civ. P. 6(b) provides the following regarding a request for extensions: When an act may or may not be done within a specified time, the Court may, for good cause, extend the time...if the request is made before the original time or its extension expires. **FAB Manufacturing has not established good cause that might otherwise warrant expediting the briefing schedule and the Court's ruling on the motion to stay.** Despite filing a motion to dismiss, FAB Manufacturing agreed to participate in discovery by stipulating to a joint litigation and discovery plan with Adaptive Tactical. **It was not until one month after FAB Manufacturing received Adaptive Tactical's infringement contentions, and ten days before FAB Manufacturing's invalidity contention disclosures were due, that FAB Manufacturing made its request to stay discovery. <u>The Court fails to find good cause to expedite FAB Manufacturing's motion to stay discovery, when it had the ability to file and was aware of facts that may have supported its motion at an earlier date.</u>**

DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO SUPPLEMENT RECORD [DKT. 32] - 5

*Id.* at *1 (emphasis added).

Here, as in *Adaptive Tactical*, Plaintiff has failed to demonstrate "good cause" for why the requested leave to supplement the record should be granted. Just like *Adaptive Tactical*, Plaintiff had the ability to file its Motion, and was fully aware of the facts needed to support its Motion, well prior to the October 24, 2016 filing deadline for its response to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) [Dkt. 30] (which was filed more than three weeks earlier on September 30, 2016). Notably, Plaintiff and its principal, Roger Featherston, have had actual and/or constructive notice of FHI's tax-suspended status since long before this lawsuit was even filed (given that Mr. Featherston, as the principal of FHI, presumably had actual knowledge that FHI was tax-suspended, and given that a quick search by Mr. Featherston or his counsel of public records available on the California Secretary of State's website would have revealed FHI's tax-suspended status), but no steps were taken to cure that suspended status, or to request additional time to rectify that suspended status, until the literal arrival of the October 24, 2016 filing deadline for Plaintiff's response to Defendant's Motion to Dismiss.

Revealingly, Plaintiff makes no effort to explain any reason for its delay in filing its Application for Certificate of Revivor with the California Franchise Tax Board until the October 24, 2016 response deadline in this case. Indeed, if Plaintiff had been at all diligent in seeking relief from the California Franchise Tax Board with respect to FHI's suspension, why couldn't the requested supplemental evidence (a Certificate of Revivor) have been obtained prior to Plaintiff's October 24, 2016 briefing response deadline in this case? Given the lack of any

showing whatsoever of "good cause" for Plaintiff's delay in taking steps to resolve FHI's tax suspension until Plaintiff's October 24, 2016 filing deadline—despite being long and well aware of FHI's tax-suspended status—Plaintiff cannot be said to be acting in "good faith" in bringing the instant Motion. Therefore, this Court should deny Plaintiff's Motion for Leave to Supplement Record [Dkt. 32].

      **b.    Substantively, Plaintiff can show no "good cause" to support its proposed extension of time; even assuming FHI's Application for Certificate of Revivor is granted, such revival does not cure the defects in Plaintiffs standing under Idaho law or California law.**

Even if Plaintiff had acted in "good faith" in bringing the instant motion, Plaintiff still cannot show "good cause" under Rule 6 because even if FHI is granted a Certificate of Revivor from the California Franchise Tax Board, it would not change the outcome of First Pocatello's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) [Dkt. 30]. In support of its Motion for Leave to Supplement Record [Dkt. 32], Plaintiff boldly asserts that "[i]f the corporation [FHI] is revived, such a revival will impact the outcome of the motion to dismiss because, as set forth in Yellowstone Poky's briefing in opposition to the motion, the revival will be retroactive." Memorandum in Support of Motion for Leave to Supplement Record [Dkt 32-1] at 3. Plaintiff further asserts that "[i]n essence it will be as if FHI had never been administratively suspended and any argument for contract avoidance by the Defendant will be mooted." *Id.* This is simply an inaccurate statement of the legal effect of FHI's revival on its lack of capacity to enter into and assign the underlying Agreement under both California and Idaho law.

The California cases relied on by Plaintiff stand only for the narrow proposition that once a corporation is revived under the California Tax & Revenue Code, its *procedural acts* taken *in the course of litigation* are retroactively validated. *See Ctr. for Self-Improvement & Cmty. Dev. v. Lennar Corp.*, 173 Cal. App. 4th 1543, 1553, 94 Cal. Rptr. 3d 74, 80–81 (2009); *Peacock Hill Assn. v. Peacock Lagoon Constr. Co.*, 8 Cal.3d 369, 373–74, 105 Cal. Rptr. 29, 503 P.2d 285 (1972). However, *substantive acts*, such as purporting to enter into the underlying Agreement while FHI lacked legal capacity to do so, are not retroactively validated upon revival under California law. *Benton v. Cty. of Napa*, 226 Cal. App. 3d 1485, 277 Cal. Rptr. 541 (Ct. App. 1991) (collecting cases and noting that "[t]he cases have created a distinction between procedural and substantive acts. The revival of corporate powers validates any *procedural* step taken on behalf of the corporation while it was under suspension.") (emphasis added); *see also* 1 Cal. Affirmative Def. § 18:17 (2d ed.). Thus, applying California case law, even assuming FHI is revived, Plaintiff would still be without standing to maintain the present suit, because FHI's lack of legal capacity to engage in the *substantive acts* of entering into and ostensibly assigning (although this is unpled by Plaintiff) the underlying Agreement to Plaintiff is not cured or retroactively validated by revival.

In any event, the parties agree that Idaho, rather than California law governs the validity, interpretation and effect of the Agreement. *See* Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [Dkt. 33] at 7 (noting that "[t]he Agreement is a contract entered in Idaho and governed by Idaho law"). Importantly, under Idaho law, there is no cure for Plaintiff's lack of capacity to enter into or assign the

Agreement. Plaintiff mistakenly relies on I.C. § 30-21-603 as a wholesale statute that retroactively validates all corporate acts performed during the period of corporate incapacity once an administrative suspension is cured. However, the application of I.C. § 30-21-603 is not so broad.

By its plain language, I.C. § 30-21-603 applies only to "[a] domestic filing entity that is dissolved administratively under section 30-21-602, Idaho Code[.]" However, FHI is not a domestic filing entity under Idaho law and has not been administratively dissolved under I.C. § 30-21-602. Therefore, the present scenario is clearly not within the purview of I.C. § 30-21-603. Moreover, even if I.C. § 30-21-603 did apply, it is doubtful that corporate revival would retroactively validate a contract or assignment entered into at a time when the administratively dissolved entity lacked legal capacity to contract. Specifically, I.C. § 30-21-603(d)(3) states that "[t]he rights of a person arising out of an act or omission in reliance on the dissolution before the person knew or had notice of the reinstatement are not affected." This section comports with the California approach, which draws a distinction between procedural acts, which can be retroactively validated, and substantive acts, which cannot be. Applied here, First Pocatello has clearly relied on Plaintiff's lack of capacity to enter into the Agreement in defending the present lawsuit. Thus, under I.C. § 30-21-603(d)(3), First Pocatello's right to dispute the validity of the Agreement, any ostensible assignment, and Plaintiff's standing to maintain the present lawsuit, would not be affected by revival even if I.C. § 30-21-603 did apply to this case.

However, as noted above, I.C. § 30-21-603 clearly does not apply to determine the effect of a non-registered foreign entity's revival in its home state on a contract purportedly entered

into in Idaho while the entity lacked legal capacity due to its suspension. Plaintiffs have not cited and Defendant is not aware of any Idaho analog to California's Tax & Revenue Code or any other Idaho statute that would allow FHI (a non-registered foreign entity) to retroactively validate a contract entered into in Idaho at a time when FHI was legally incapacitated. Thus, Idaho common law would apply to determine the effect of FHI's future revival on a contract purportedly entered into during its period of incapacity.

Idaho law, which, as noted, governs the validity, interpretation and effect of the Agreement, requires contracting parties to have legal capacity to contract in order to have a binding obligation. *Lakey v. Caldwell*, 72 Idaho 52, 54, 237 P.2d 610, 611 (1951). If a party lacks legal capacity to enter into a contract, it is void. *Rogers v. Household Life Ins. Co.*, 150 Idaho 735, 250 P.3d 786 (2011) (Party to a life insurance contract who had been adjudicated incapacitated lacked capacity to enter into life insurance contract and, thus, the contract was void.); *Knowlton v. Mudd*, 116 Idaho 262, 265, 775 P.2d 154, 157 (Ct. App. 1989) (Party lacked mental capacity to contract and, consequently, an amendment to contract was void.). Idaho case law provides no authority for the proposition that a non-registered foreign entity's revival in its home state retroactively validates a purported contract entered in Idaho at a time when the now-revived entity lacked legal capacity.

In summary, because Idaho law governs, and because there is no Idaho statutory cure or Idaho case law that would give retroactive effect to FHI's substantive acts of purporting to enter into or ostensibly assign the underlying Agreement during FHI's incapacity, both the Agreement itself and any unpled, ostensible underlying assignment to Plaintiff are void and unenforceable.

Therefore, even assuming FHI is granted its Certificate of Revivor, FHI still lacked capacity to enter into the underlying Agreement or ostensibly assign its interest in the Agreement to Plaintiff. In short, even assuming Plaintiff is successful in obtaining a Certificate of Revivor for FHI prior to the November 10, 2016 hearing, it would have no effect on the outcome of Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) [Dkt. 30] because Plaintiff would still lack standing to bring the present suit.

## IV.
## CONCLUSION

Based on the foregoing arguments, Defendant First Pocatello respectfully requests that this Court deny Plaintiff's Motion for Leave to Supplement Record [Dkt. 32].

DATED THIS 3rd day of November, 2016.

HAWLEY TROXELL ENNIS & HAWLEY LLP


By  /s/
    Steven F. Schossberger, ISB No. 5358
    Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of November, 2016, I electronically filed the foregoing DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT RECORD [DKT. 32] with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Jeffrey D. Brunson<br>BEARD ST. CLAIR GAFFNEY PA | jeff@beardstclair.com |
| John M. Avondet<br>BEARD ST. CLAIR GAFFNEY PA | javondet@beardstclair.com |

/s/ _____
Howard D. Burnett