Howard D. Burnett, ISB No. 3377
HAWLEY TROXELL ENNIS & HAWLEY LLP
333 South Main Street
Post Office Box 100
Pocatello, ID 83204
Telephone: 208.233.0845
Facsimile: 208.233.1304
Email: hburnett@hawleytroxell.com

Steven F. Schossberger, ISB No. 5358
John K. Olson, ISB No. 6807
Justin Cranney, ISB No. 8061
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5248
Email: sschossberger@hawleytroxell.com
       jolson@hawleytroxell.com
       jcranney@hawleytroxell.com

Attorneys for Defendant/Counterclaimant

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| YELLOWSTONE POKY, LLC, an Idaho Limited Liability Company,<br><br>    Plaintiff,<br><br>vs.<br><br>FIRST POCATELLO ASSOCIATES, L.P., a New Jersey limited partnership,<br><br>    Defendant. | Case No. 4:16-CV-00316-BLW<br><br>DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(B)(1) |

DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(B)(1)
- 1

48627.0003.8458673.3

FIRST POCATELLO ASSOCIATES, L.P.,

                Counterclaimant,

vs.

YELLOWSTONE POKY, LLC, and
FEATHERSTON HOLDINGS, INC.,

                Counterdefendants.

Defendant-Counterclaimant First Pocatello Associates, L.P. ("First Pocatello") hereby submits its Reply Memorandum in Support of its Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Motion").

# I.
## INTRODUCTION

In its Memorandum in Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) [Dkt. 33] ("Opposition"), Plaintiff argues that the purported Agreement was entered into between Roger Featherston individually (signing under the assumed business name "Featherston Holdings") and First Pocatello, not between FHI and First Pocatello.  Opposition [Dkt. 33] at 2 (asserting that "the only parties to the Agreement were First Pocatello Associates LP and 'Featherston Holdings or Assigns[,]'" and that "Featherston Holdings, Inc. is not and never was a party to the Agreement.").   Alternatively, Plaintiff argues that even if FHI was an intended party to the Agreement, Defendant's Motion to Dismiss will, if Plaintiff receives a Certificate of Revivor from the California Franchise Tax Board prior to the November 10, 2016 hearing on the pending motions, be mooted by the fact that any revival will be retroactive to the date of suspension.  Lastly, Plaintiff asserts that First

DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(B)(1) - 2

48627.0003.8458673.3

Pocatello lacks standing to make a *jurisdictional* argument using the statute of frauds. Each argument is meritless.

## II.
## ARGUMENT

In an ostensible attempt to distance itself from the dispositive issue of FHI's lack of capacity, Plaintiff attempts to argue that the underlying Agreement was never intended to be entered into between FHI and First Pocatello, but instead, that the intended parties were Roger Featherston, individually, and First Pocatello. However, Plaintiff's argument is rebutted by the plain language contained within the four corners of the Agreement and its Addenda. The Agreement was unambiguously intended to be entered into between FHI and First Pocatello, not between Roger Featherston acting under a business name and First Pocatello. Therefore, Plaintiff is barred under the parol evidence rule from presenting extrinsic evidence that varies or contradicts the plain and unambiguous terms of the Agreement. Similarly, Plaintiff is estopped from asserting that the Agreement was between Roger Featherston acting under a business name and First Pocatello, because Plaintiff has represented and taken the position both in the Complaint and Proposed Amended Complaint that the Agreement was between FHI and First Pocatello.

Additionally, Plaintiff's alternative argument -- namely, that if FHI was the intended party to the Agreement, revival of FHI under California law will retroactively validate the Agreement -- similarly lacks merit. Neither California nor Idaho law provides a vehicle for Plaintiff to retroactively cure *substantive acts* taken by FHI while it lacked legal capacity due to its tax suspension. Lastly, First Pocatello is not attempting to mount a *substantive* challenge to

DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(B)(1)
- 3

defeat any assignment for failure to comply with the statute of frauds; rather, it is merely making a *jurisdictional* argument regarding the effect of failure to comply with the statute of frauds.

> **a.    Under the unambiguous plain language of the Agreement, the parties to the Agreement were FHI and First Pocatello, not First Pocatello and Roger Featherston acting under an assumed business name.**

As argued in First Pocatello's Consolidated Memorandum in Opposition to Plaintiff's Motion to Amend Complaint [Dkt. 24], Plaintiff's Motion to Join Parties [Dkt. 25], and Roger Featherston's Motion to Intervene [Dkt. 26] [Dkt. 32], the plain language of Agreement and its Addenda make clear that the parties to the Agreement were FHI and First Pocatello, not First Pocatello and Roger Featherston acting under an assumed business name.  Plaintiff's attempt to vary or contradict this plain language in the Affidavit of Roger Featherston violates the parol evidence rule.  Similarly, Plaintiff should be judicially estopped from taking the position that Roger Featherston was the intended party to the Agreement--a position inconsistent with Plaintiff's own pleadings.

> **1.  Extrinsic evidence is inadmissible under the parol evidence rule to vary or contradict the terms of the Agreement.**

Under the parol evidence rule in Idaho, "[w]here preliminary negotiations are consummated by written agreement, the writing supersedes all previous understandings and *the intent of the parties must be ascertained from the writing.*" *Nysingh v. Warren,* 94 Idaho 384, 385, 488 P.2d 355, 356 (1971) (emphasis added).  The plain language of a contract, if unambiguous, is controlling.  *Cont'l Nat'l Am. Group v. Allied Mut. Ins. Co.,* 95 Idaho 251, 253, 506 P.2d 478, 480 (1973). "For a contract term to be ambiguous, there must be at least two different reasonable interpretations of the term, or it must be nonsensical." *Swanson v. Beco*

DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(B)(1) - 4

*Const. Co.,* 145 Idaho 59, 62, 175 P.3d 748, 751 (2007) (citation omitted).  Parol evidence may

be considered to aid a trial court in determining the intent of the drafter of a document only if an

ambiguity exists.  *See In re Estate of Kirk,* 127 Idaho 817, 824, 907 P.2d 794, 801 (1995)

(citation omitted). A written contract that contains a merger clause is complete upon its face.

*Chambers v. Thomas,* 123 Idaho 69, 844 P.2d 698 (1992).

Here, the Agreement is plain and unambiguous on its face.  Clearly, in light of Mr.

Featherston's signing as "President and CEO" and the numerous references to "Featherstone

[sic] Holdings, a California corporation" in the Addenda (both in the introductory paragraphs and

signature blocks), the Agreement was obviously intended to be entered into between FHI and

First Pocatello. *See* Exhibit 1 [Dkt. 11-1]; Exhibit 2 [Dkt. 11-2]; Exhibit 3 [Dkt. 11-3]; Exhibit 4

[Dkt. 11-4]; Exhibit 5 [Dkt. 11-5]. Additionally, "Featherstone [sic] Holdings, a California

corporation" is defined as "Buyer" in the First, Second, and Fourth Addendums, with the

"Whereas" clause in each Addendum then expressly stating that "Buyer" signed the initial

Agreement.  Exhibit 2 [Dkt. 11-2]; Exhibit 3 [Dkt. 11-3]; Exhibit 5 [Dkt. 11-5].  Moreover, the

Agreement has a merger clause which reads in pertinent part as follows:

> 35. ENTIRE AGREEMENT: This Agreement, including any addendums [sic] or
> exhibits, constitutes the entire Agreement between the parties...

*See* Exhibit 1 [Dkt. 11-1] at ¶ 35.

However, despite the plain and unambiguous terms of the Agreement and the existence of

a merger clause, Plaintiff has submitted the Affidavit of Roger Featherston [Dkt. 33-1] in an

attempt to explain Mr. Featherston's purported (and now conveniently-invoked) alternative

"intent" in signing the Agreement.  Among other things, Mr. Featherston claims in his Affidavit

DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(B)(1)
- 5

48627.0003.8458673.3

that he signed both the initial Agreement and subsequent Addenda on his "own behalf" "under the business name Featherston Holdings," not on behalf of Featherston Holdings, Inc.  Affidavit of Roger Featherston [Dkt. 33-1] at ¶¶ 4-6.  These assertions in the Affidavit are an attempt to "vary" or "contradict" (with self-serving retrospective extrinsic evidence of Mr. Featherston's "intent" at the time of signing) a term of the Agreement that is plain and unambiguous on the face of the Agreement and its Addenda--namely, that the parties to Agreement were intended to be FHI and First Pocatello.  This is clearly not a scenario where there are two reasonable interpretations or ambiguity on the face of the Agreement as to the parties to the Agreement. Additionally, the Agreement and Addenda are *per se* fully integrated in light of the merger clause in ¶ 35 of the original Agreement.  *See* Exhibit 1 [Dkt. 11-1] at ¶ 35.  Thus, Mr. Featherston's statements of his "intent" in ¶¶ 4-6 of his Affidavit are inadmissible parol evidence and should not be considered by the Court in deciding this Motion.

**2.  The doctrine of judicial estoppel prevents Plaintiff from taking an inconsistent position with that taken in the Complaint.**

Judicial estoppel precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position.  *See Yanez v. United States,* 989 F.2d 323, 326 (9th Cir.1993); *Russell v. Rolfs,* 893 F.2d 1033, 1037 (9th Cir.1990), *cert. denied,* 501 U.S. 1260, 111 S.Ct. 2915, 115 L.Ed.2d 1078 (1991); *see also Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600–01 (9th Cir. 1996) (citations omitted) (emphasis added).  The District of Idaho has previously held that "Courts should invoke judicial estoppel principles when a plaintiff plays 'fast and loose with the courts' or takes a position 'tantamount to a knowing misrepresentation to or even fraud on the court.'"  *Crisell v. T-Mobile USA, Inc.,*

No. 1:13-CV-00134-BLW, 2014 WL 3748317, at *5 (D. Idaho July 28, 2014).  Additionally, the

Ninth Circuit has held that a statement in a complaint may serve as a judicial admission that is

"conclusively binding" on the admitting party. *Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848 (9th Cir.

1995); *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224 (9th Cir. 1988).

Here, Plaintiff is attempting to play "fast and loose" with the Court by arguing that the

parties to the Agreement were intended to be Roger Featherston, signing under an assumed

business name, and First Pocatello. This position is directly contrary to what Plaintiff has

previously admitted and alleged in the Complaint.  Paragraphs 7 and 8 of the Complaint read:

> 7.      **Featherston Holdings** or Assigns began negotiating the purchase and sale of the
> Property with FPA in December 2015. **Roger Featherston is the principal owner and
> member of Featherston Holdings, Inc., a California corporation.**

> 8.      On December 24, 2015, FPA and **Featherston Holdings** and Assigns
> (Featherston) entered into a Real Estate Purchase and Sale Agreement (the Agreement)
> pertaining to the property.

Compl. at ¶¶ 7-8 (emphasis added); *see also* Proposed First Am. Compl. ¶¶ 10-11 [Dkt. 24-2],

Exhibit A.  Read together, the only logical reading of these two paragraphs is that the

"Featherston Holdings" referred to in both paragraphs is "Featherston Holdings, Inc.," which is

explicitly identified and linked to the "Featherston Holdings" reference within ¶ 7, with no break

in that explicit link when the term "Featherston Holdings" then is used in the immediately

following sentence in ¶ 8.  Read together, these two paragraphs constitute a judicial admission

that "Featherston Holdings" is one and the same with "Featherston Holdings, Inc."   Plaintiff's

attempt to now argue otherwise is disingenuous, contradicts the plain language of the Agreement

and Addenda, contradicts its prior judicial admissions, and is an attempt to play "fast and loose"

DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(B)(1)
- 7

48627.0003.8458673.3

with the Court.  The Court should not indulge Plaintiff and should hold Plaintiff judicially estopped from taking the position that Roger Featherston, in his individual capacity, was the intended party to the Agreement with First Pocatello.

      b.      **Neither Idaho nor California law provides a vehicle for Plaintiff to receive retroactive effect for *substantive acts* taken by FHI during its legal incapacity**

In its Opposition, Plaintiff argues that if FHI is revived through the receipt of a Certificate of Revivor prior to the hearing on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) [Dkt. 30], such revival would retroactively validate "all acts (even contracts) entered during the term of its [FHI's] suspension."  Opposition [Dkt. 33] at 10.  This is not an accurate statement of the effect of revival under Idaho or California law.

Defendant's argument on this point is more fully explained in Section III.b of Defendant's Memorandum in Opposition to Motion for Leave to Supplement Record (filed simultaneously herewith), which Defendant incorporates as if fully set forth here.  Briefly stated, neither California nor Idaho law provides for the retroactive validation of *substantive acts*, such as purporting to enter into the underlying Agreement.  *See e.g.*, *Benton v. Cty. of Napa*, 226 Cal. App. 3d 1485, 277 Cal. Rptr. 541 (Ct. App. 1991); *see also* I.C. § 30-21-603 (stating that this section applies only to "[a] domestic filing entity that is dissolved administratively under section 30-21-602, Idaho Code[.]").  Given the lack of any cure, Idaho case law that voids contracts if a party lacks legal capacity to contract is controlling even if FHI is revived.  *See Lakey v. Caldwell*, 72 Idaho 52, 54, 237 P.2d 610, 611 (1951); *Rogers v. Household Life Ins. Co.*, 150

DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(B)(1)
- 8

48627.0003.8458673.3

Idaho 735, 250 P.3d 786 (2011); *Knowlton v. Mudd*, 116 Idaho 262, 265, 775 P.2d 154, 157 (Ct. App. 1989).

      **c.**      **First Pocatello is not relying on the Statute of Frauds to challenge the *validity* of the purported assignment to Yellowstone, but is instead contesting the *existence* of the assignment for jurisdictional purposes.**

      Plaintiff correctly points out that third-parties do not have standing to challenge the *validity* of an assignment between two contracting parties in order to defeat or invalidate the assignment. *See In re Circle K Corp.*, 127 F.3d 904, 908 (9th Cir. 1997); RESTATEMENT (SECOND) OF CONTRACTS § 144(b) (1981). Here, however, First Pocatello is *not* challenging the *validity* of a written assignment. Instead, First Pocatello is challenging the *existence* of a written assignment for purposes of establishing Yellowstone Poky's standing and this Court's jurisdiction.

      Case law and statutes are clear that a written assignment is necessary in order to transfer a "legally protected" interest from FHI to Yellowstone Poky. *See* I.C. § 9-503 (stating that "[n]o estate or interest in real property…can be created, granted, **assigned**, surrendered, or declared, otherwise than by operation of law, or a conveyance or other instrument in writing, subscribed by the part creating, granting, **assigning**, surrendering or declaring the same, or by his lawful agent thereunto authorized by writing.") (emphasis added); *see also Magnolia Enterprises, LLC v. Schons*, No. CV-08-376NBLW, 2009 WL 1658022, at *3, fn. 1 (D. Idaho June 11, 2009) (noting that "[t]he Idaho statute of frauds requires that any conveyance, grant, or **assignment** of an interest in real property be in writing.") (emphasis added); *see also Hewitt v. Mobile Research Tech., Inc.*, 285 F. App'x 694, 696 (11th Cir. 2008) (affirming district court grant of summary

judgment on basis that there was no evidence of a written assignment and that plaintiff's alternative theory of an oral assignment did not comply with statute of frauds).

In other words, First Pocatello's statute of frauds challenge is jurisdictional, not substantive in nature. First Pocatello is simply arguing that Plaintiff must at least allege the *existence* of a written assignment in the Complaint in order for this Court to have any legal basis to determine, for jurisdictional purposes, that Yellowstone Poky has received a "legally protected" interest, and therefore has standing to maintain the present lawsuit. Plaintiff has not pleaded the existence of a written assignment. Thus, even if Plaintiff did not lack standing for all of the other reasons previously articulated herein and in Defendant's Memorandum in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) [Dkt. 30-1], Plaintiff would still lack standing because it has not pleaded compliance with the statute of frauds.

### III.
### CONCLUSION

Based on the foregoing argument, First Pocatello respectfully requests that the Court grant its Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) [Dkt. 30] and order that the Notice of Lis Pendens, recorded by Yellowstone Poky, by and through its counsel, with the Bannock County Recorder's Office as Instrument No. 21608558, be expunged.

DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(B)(1) - 10

DATED THIS 3rd day of November, 2016.

HAWLEY TROXELL ENNIS & HAWLEY LLP

By  /s/
    Steven F. Schossberger, ISB No. 5358
    Attorneys for Defendants

DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(B)(1)
- 11

48627.0003.8458673.3

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of November, 2016, I electronically filed the foregoing DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(B)(1) with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Jeffrey D. Brunson                          jeff@beardstclair.com
BEARD ST. CLAIR GAFFNEY PA

John M. Avondet                             javondet@beardstclair.com
BEARD ST. CLAIR GAFFNEY PA


                                     /s/
                                     _____
                                     Howard D. Burnett

DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(B)(1) - 12