UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| YELLOWSTONE POKY, LLC, an Idaho Limited Liability Company,<br><br>    Plaintiff,<br><br>    v.<br><br>FIRST POCATELLO ASSOCIATES, L.P.,<br><br>    Defendant.<br><br>FIRST POCATELLO ASSOCIATES, L.P.,<br><br>    Counterclaimant,<br><br>    v.<br><br>YELLOWSTONE POKY, LLC, an Idaho Limited Liability Company, and FEATHERSTON HOLDINGS, INC.<br><br>    Counterdefendant. | Case No. 4:16-cv-00316-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is a series of motions, including: (1) Defendant's Partial Motion to Dismiss for Failure to State a Claim (Dkt. 7); Defendant's Motion to Strike Affidavit of Counsel (Dkt. 16); Plaintiff's Motion to Amend the Complaint (Dkt. 24); Plaintiff's Motion for Joinder (Dkt. 25); a Motion to Intervene filed by Roger Featherston (Dkt. 26); Defendant's Motion to Dismiss for Lack of Jurisdiction (Dkt. 30); Defendant's

Motion for Leave to Supplement (Dkt. 32). The Court heard oral argument on the motions on March 2, 2017 and took the matters under advisement. For the reasons explained below, the Court will briefly reserve ruling on the pending motions and grant Plaintiff leave to file an amended complaint to cure the defective allegations of jurisdiction.

## BACKGROUND

This action arises out of an alleged real estate purchase and sale agreement (the "Agreement") between Defendant First Pocatello Associates, L.P. ("First Pocatello") and Featherston Holdings, Inc. ("FHI"), a California corporation. On July 16, 2016, Plaintiff Yellowstone Poky, LLC filed a Complaint against First Pocatello in Idaho District Court, alleging that "Yellowstone Poky is the successor-in-interest to Featherston's interest and rights arising out of the Agreement" and asserting claims for breach of contract, unjust enrichment, and promissory estoppel. *Compl.* ¶¶ 28, 41–64, Dkt. 1-2.

On July 13, 2016, First Pocatello removed the case to federal court on the basis of diversity jurisdiction, under 28 U.S.C. § 1332. *Notice of Removal* at 1, Dkt. 1. In its Answer to Plaintiff's Complaint, First Pocatello asserted that Yellowstone Poky lacks standing to assert its claims and subsequently moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction, reiterating three distinct standing arguments. *Def. Mot. to Dismiss*, Dkt. 30. First, Defendant argues that Yellowstone Poky can show no "injury in fact" because its predecessor in interest, FHI, executed the alleged Agreement while its corporate status was suspended by the California Franchise Tax Board and it lacked the

**MEMORANDUM DECISION AND ORDER - 2**

"capacity to contract", rendering the underlying Agreement unenforceable. Second, Defendant argues that as a suspended corporation, FHI lacks "capacity to sue" on the alleged Agreement and that its assignee, Yellowstone Poky, is subject to the same defense. Third, Defendant argues that Yellowstone Poky has failed to demonstrate an "injury in fact" because there is no allegation of an assignment conveying FHI's interest in the underlying Agreement to Yellowstone Poky.

In its response brief, Plaintiff informed the court that proceedings were pending to revive FHI's corporate status. Accordingly, on November 7, 2016, the Court *sua sponte* ordered a brief stay to allow FHI to complete this process. On November 9, 2016, Plaintiff filed a copy of FHI's Certificate of Revivor and Certificate of Relief from Contract Voidability, demonstrating that the corporation is now in good standing with the California Franchise Tax Board. *Featherston Decl.* at 4–6, Dkt. 40. Thereafter, the stay was lifted and proceedings commenced.

Defendant's Motion to Dismiss for Lack of Jurisdiction goes to the power of this Court to proceed at all. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 84 (1998) ("[W]ithout proper jurisdiction, a court cannot proceed at all, but can only note the jurisdictional defect and dismiss the suit."). Accordingly, we consider it first, before ruling on the remainder of the pending motions.

## LEGAL STANDARD

1. **Rule 12(b)(1) Motion to Dismiss**

A Rule 12(b)(1) challenge to subject matter jurisdiction may be either facial or a factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id*. A court reviewing such a challenge must presume the truthfulness of plaintiff's allegations and may not look beyond the pleadings. *Id*. "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. . . . In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint . . . [and] need not presume the truthfulness of the plaintiff's allegations." *Id.* (internal citations omitted).

Here, the Court construes the Defendant's jurisdictional attack as both facial and factual. The argument regarding contract assignment is directed at the facial sufficiency of the Complaint's jurisdictional allegations. However, the arguments regarding FHI's corporate status are factual in nature. Both parties have submitted evidence as to FHI's corporate status, and the Court will therefore weigh the evidence submitted as to those claims.

2. **Standing**

Standing is a jurisdictional matter, and thus a motion to dismiss for lack of standing is properly raised in a Rule 12(b)(1) motion to dismiss. *See Chandler v. State*

*Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121 (9th Cir. 2010). To establish standing under Article III, a plaintiff has the burden of establishing three elements: (1) it has "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) the injury is "fairly traceable to the challenged action"; and (3) "it [is] likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal citations and footnote omitted). "[A]t this stage of the pleading, [Plaintiff] need only show that the facts alleged, if proved, would confer standing upon [it]." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1140 (9th Cir. 2003).

## DISCUSSION

**1.     FHI's Capacity to Sue**

Plaintiff first argues that FHI, due to its tax-suspended status, would have no legal "capacity to sue"[1] on the underlying agreement, and that its purported successor-in-interest, Yellowstone Poky, took FHI's interest subject to the same defect.

---

[1] Plaintiff alternatively refers to Plaintiff's "legal standing to sue." However, the argument is more appropriately characterized as a challenge to Yellowstone Poky's capacity to sue under Federal Rule of Civil Procedure 17(b)(2). *See Color–Vue, Inc. v. Abrams*, 52 Cal. Rptr. 2d 443 (Cal. Ct. App. 1996) ("Suspension of corporate powers results in a lack of capacity to sue, not a lack of standing to sue.") (*citing Traub Co. v. Coffee Break Service, Inc.*, 425 P.2d 790 (Cal. 1967)); *see also* 6A Charles A. Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure, § 1559 ("Capacity [to sue under Rule 17(b)] has been defined as a party's personal right to come into court, and should not be confused with the question of whether a party has an enforceable right or interest.").

A corporation's capacity to sue or be sued is determined "by the law under which it was organized." Fed. R. Civ. P. 17(b). Under California law, a California corporation whose powers have been suspended for failure to pay taxes lacks the capacity to sue or defend a lawsuit. *See Bourhis v. Lord*, 295 P.3d 895 (Cal. 2013); Cal. Rev. & Tax Code § 23301. However, the California Supreme Court has held that once a suspended corporation pays its taxes and obtains a Certificate of Revivor, the corporation may continue an action filed during the period of suspension and not previously dismissed. *See Peacock Hill Assn. v. Peacock Lagoon Constr. Co.*, 503 P.2d 285 (Cal. 1972) ("[Our] authorities make clear that as to matters occurring prior to judgment the revival of corporate powers has the effect of validating the earlier acts and permitting the corporation to proceed with the action.").

Here, FHI's rights have been revived and the corporation is in good standing with the California Franchise Tax Board. *Featherston Decl.* at 4–6, Dkt. 40. Accordingly, California law does not deprive Yellowstone Poky of the capacity to maintain this action.

## 2. FHI's "Capacity to Contract"

Similarly, First Pocatello argues that Yellowstone Poky lacks standing because FHI's tax-suspended status renders the underlying agreement unenforceable. Specifically, Defendant argues that "an entity that is suspended [by the California Franchise Tax Board] loses its corporate powers, including the power to enter into contracts." *Def. Memo. in Support of Mot. to Dismiss* at 11, Dkt. 30-1 (citing Cal.Rev. & Tax. Code §§ 23301-23301.5). Because FHI was a tax-suspended corporation when the parties entered

into the underlying Agreement, Defendant contends that it is unenforceable. *Id.* The Court disagrees.

Under California law, suspension by the California Franchise Tax Board does not deprive a corporation of the capacity to contract or, for that matter, render a suspended corporation's contracts void. Rather, contracts entered into during the time of suspension are merely "*voidable* at the request of any party to the contract other than the taxpayer." Cal. Rev. & Tax. Code § 23304.1(a) (emphasis added). Section 23304.5 further clarifies that "the rights of the parties to the contract shall not be affected by Section 23304.1 except to the extent expressly provided by a final judgment of the court, which shall not be issued unless the taxpayer is allowed a reasonable opportunity to cure the voidability." Cal. Rev. & Tax. Code § 23304.5.

In defense of its contrary position, Defendant points to a more general provision, Section 23301.5 of the California Revenue and Taxation Code, which provides:

> Except for the purposes of filing an application for exempt status or amending the articles of incorporation as necessary either to perfect that application or to set forth a new name, the corporate powers, rights and privileges of a domestic taxpayer may be suspended, and the exercise of the corporate powers, rights and privileges of a foreign taxpayer in this state may be forfeited, if . . . . (1) the corporation fails to pay franchise taxes on time; (2) fails to file a required annual information statement; or, (3) fails to file a franchise tax return, even when no tax is due.

Taken in context with the broader statutory scheme, the primary function of that provision is to identify the circumstances which may result in suspension: failure to pay taxes, failure to file an information statement, and failure to file a franchise tax return. The consequences of suspension, in turn, are governed by the more specific provisions

**MEMORANDUM DECISION AND ORDER - 7**

that follow. While the language of Section 23301.5 regarding "corporate powers, rights and privileges" is broad enough to include capacity to contract, such a reading of Section 23301.5 would render superfluous—and indeed directly contradict—the more specific language in Sections 23304.1(a) and 23304.5. The Court must give meaning to those more specific provisions to avoid such a result. *See generally RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639 (2012) (noting the "well established canon of statutory interpretation . . . that the specific governs the general.").

Thus, the Court concludes that the underlying Agreement was, at one time, voidable at Defendant's request, pursuant to the procedures outlined in Section 23304.5. Defendant does not allege any effort to void the Agreement, and FHI has since obtained a Certificate of Relief from Contract Voidability. *Featherston Decl.*, Dkt. 40; Cal. Rev. & Tax. Code § 23305.1(a)–(e). Accordingly, the Agreement is not unenforceable due to FHI's corporate status and Plaintiff does not lack standing on that ground.[2]

### 3. Failure to Plead Existence of Assignment

Finally, Defendant argues that Yellowstone Poky lacks standing to pursue this action because it has not alleged the existence of a valid assignment of FHI's purported

---

[2] The parties also spend some time discussing whether the contract may be "retroactively validated" after FHI's reinstatement. Whether Idaho or California law provide a "cure" for an entity's lack of capacity to contract is irrelevant, as FHI did not lack the capacity to contract and the underlying Agreement was never voided.
(Continued)

interest in the underlying Agreement. *Def. Memo. in Support of Mot. to Dismiss* at 15, Dkt. 30-1.[3] On this final claim, the Court agrees.

Plaintiff has the burden of establishing that it has standing to bring this case. *DaimlerChrysler Corporation v. Cuno*, 547 U.S. 332, 342 (2006). Furthermore, to establish an injury sufficient to confer standing, Plaintiff must establish that an assignment occurred such that it has ownership of the contractual rights at issue. *Simon v. Shearson Lehman Bros.*, 895 F.2d 1304, 1321 (11th Cir. 1990) "[T]he party that relies on an assignment has the burden of proving its existence and validity.").

Here, Plaintiff alleges no facts to plausibly suggest that it was assigned rights under the Agreement. The only suggestion of such a relationship is Plaintiff's conclusory description of itself as "the successor-in-interest" to FHI. *Compl.* ¶ 28, 29, Dkt. 1-2. This conclusory allegation is insufficient to withstand a motion to dismiss for lack of jurisdiction. *See, e.g.*, *Fisher Sand & Gravel Co. v. Pinnacle Materials, LLC*, No. 14-CV-00060-F, 2015 WL 11017784, at *4 (D. Wyo. Mar. 16, 2015) (holding that a "conclusory description" that an entity is a "successor in interest" of a contract was insufficient to withstand a motion to dismiss); *Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*, No. 3:12CV113-SA-SAA, 2014 WL 272459, at *5 (N.D. Miss. Jan. 24, 2014), *aff'd*, 778 F.3d 502 (5th Cir. 2015) (holding that a company lacked standing to enforce a contract

---

[3] The Court need not address, at this time, whether Plaintiff's complaint fails more specifically for the failure to allege a *written* assignment, pursuant to Idaho Code 9-503.

where "the Complaint state[d] only that [it was] . . . a 'successor in interest' without providing further explanation"); *Franco v. Conn. Gen. Life Ins. Co.*, 818 F.Supp.2d 792, 811 (D.N.J. 2011) (holding deficient a complaint that failed to plead facts, such as actual assignment language, "to support the[] legal conclusion that a valid assignment" occurred); *Morgan v. MEBA Med. & Benefits Plan*, No. CIV.A. 07-6252, 2007 WL 4591233 (E.D. La. Dec. 28, 2007) (holding that "[c]onclusory allegations that [Plaintiff] is an assignee, without more, [are] not sufficient to prove an assignment.").

However, a case need not be dismissed for want of jurisdiction where the defect is in form only. Under 28 U.S.C. § 1653, a district court may allow amendment of a complaint to remedy defective allegations of jurisdiction. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 828 (9th Cir. 2002); *see also Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 110 (3d Cir. 2015) (permitting amendment under 28 U.S.C. § 1653 in lieu of dismissal based on a purely facial jurisdictional challenge). At oral argument, Plaintiff suggested that the jurisdictional deficiencies could be easily remedied and Defendant indicated that it was agreeable to such an amendment. Accordingly, in the interests of justice and efficiency, the Court will exercise its discretion under 28 U.S.C. § 1653 to grant Plaintiff leave to amend its Complaint for this limited purpose.

## CONCLUSION

For the reasons stated above, the Court concludes that Plaintiff's jurisdictional allegations are facially deficient due to the failure to assert a valid assignment of the underlying Agreement. Before ruing on Defendant's Motion to Dismiss for Lack of

Jurisdiction, the Court will grant Plaintiff leave to file an amended complaint for the sole purpose of curing the defective jurisdictional allegations. The Court will await resolution of the jurisdictional issue before ruling on the remainder of the pending motions.

## ORDER

**IT IS ORDERED:**

1. The Court *sua sponte* grants Plaintiff **LEAVE TO AMEND** its Complaint to correct the above-mentioned jurisdictional defect. Plaintiff must file its amended Complaint within fourteen (14) days of the filing date of this Order.

2. The Court **RESERVES RULING** on Defendant's Motion to Dismiss for Lack of Jurisdiction (Dkt. 30) and all other pending motions.

DATED: March 8, 2017

_____
B. Lynn Winmill
Chief Judge
United States District Court