Howard D. Burnett, ISB No. 3377
HAWLEY TROXELL ENNIS & HAWLEY LLP
333 South Main Street
P.O. Box 100
Pocatello, ID 83204
Telephone: 208.233.0845
Facsimile: 208.233.1304
Email: hburnett@hawleytroxell.com

Justin Cranney, ISB No. 8061
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5248
Email: jcranney@hawleytroxell.com

Austin Strobel, ISB No. 9803
HAWLEY TROXELL ENNIS & HAWLEY LLP
2010 Jennie Lee Drive
Idaho Falls, ID 83404
Telephone: 208.529.3005
Facsimile: 208.529.3065
Email: astrobel@hawleytroxell.com

Attorneys for Defendant/Counterclaimant
First Pocatello Associates, L.P.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| YELLOWSTONE POKY, LLC, an Idaho Limited Liability Company,<br><br>    Plaintiff,<br><br>vs.<br><br>FIRST POCATELLO ASSOCIATES, L.P., a New Jersey limited partnership,<br><br>    Defendant. | Case No. 4:16-CV-00316-BLW<br><br>MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE CERTAIN PORTIONS OF THE FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(F) |

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE
CERTAIN PORTIONS OF THE FIRST AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(F) - 1

| |
|---|
| FIRST POCATELLO ASSOCIATES, L.P.,<br><br>    Counterclaimant,<br><br>vs.<br><br>YELLOWSTONE POKY, LLC, and FEATHERSTON HOLDINGS, INC.,<br><br>    Counterdefendants. |

Defendant First Pocatello Associates, L.P. ("Defendant") respectfully submits this memorandum in support of its Motion to Strike Certain Portions of the First Amended Complaint Pursuant to Fed. R. Civ. P. 12(f) ("Motion").

## I.<br>INTRODUCTION

At the March 2, 2017 hearing in this matter, the Court heard oral argument on the respective parties various pending motions, including Defendant's Partial Motion to Dismiss [for Failure to State a Claim] [Dkt. 7], Defendant's Motion to Strike Affidavit of Counsel [Dkt. 16], Plaintiff's Motion to Amend the Complaint [Dkt. 24], Plaintiff's Motion to Join Parties [Dkt. 25], Roger Featherston's Motion to Intervene [Dkt. 26], Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [Dkt. 30], and Plaintiff's Motion for Leave to Supplement Record [Dkt. 32]. At the conclusion of the March 2, 2017 hearing, the Court took all of the motions under advisement. The Court thereafter issued a Memorandum Decision and Order [Dkt. 50] on March 8, 2017 which reserved ruling on all of the pending motions, but, based on the Court's conclusion that "Plaintiff's jurisdictional allegations are facially deficient due to the failure to assert a valid assignment of the underlying Agreement," the Court granted Yellowstone Poky, LLC ("Plaintiff") leave to file within fourteen (14) days an amended complaint "for the sole

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE CERTAIN PORTIONS OF THE FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(F) - 2

48627.0003.8750767.4

purpose of curing the defective jurisdictional allegations" in the Complaint. Memorandum Decision and Order [Dkt. 50] at 10-11.

On March 22, 2017, Plaintiff filed its First Amended Complaint and Jury Demand [Dkt. 51], which for the first time purported to designate Featherston Holdings, Inc. as a named plaintiff in the case caption, and also contained (among other revisions to the original Complaint) the following new paragraphs:

> 29. Featherston Holdings, Inc.[1] assigned and transferred all of its interest in the Agreement to Yellowstone Poky. Roger Featherston is the principal owner and manager of Yellowstone Poky and the president of Featherston Holdings, Inc. Roger Featherston has authority to bind both entities. Roger Featherston entered into the assignment on behalf of Featherston Holdings, Inc. and assigned and transferred all of Featherston Holdings' interest in the Agreement effective March 15, 2016.
>
> 30. Featherston Holdings, Inc. has appeared as a Counterdefendant in these proceedings. *Should it be determined that the assignment is somehow invalid or that Yellowstone Poky otherwise lacks standing, Featherston Holdings, Inc. shall be designated as a Plaintiff in this action. This allegation is made in the alternative as Yellowstone Poky maintains it has standing. However, there is no prejudice to any party making Featherston Holdings, Inc. a Plaintiff as it is already a party to these proceedings. To the extent the allegations in this Complaint refer solely to Yellowstone Poky it is intended to collectively refer to Yellowstone Poky and Featherston Holdings, Inc.*

Dkt. 51 at 7 (italics added).

---

[1] Defendant notes that after previously arguing in Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 33) that "Featherston Holdings, Inc. is not and never was a party to the Agreement" (*Id.* at 2), and that "Roger Featherston entered the Agreement under the business name 'Featherston Holdings or Assigns' and not Featherston Holdings, Inc." (*Id.* at 4), Plaintiff now appears to be acknowledging in its First Amended Complaint that Featherston Holdings, <u>Inc.</u> (the corporation) was, in fact, the original party to the underlying Real Estate Purchase and Sale Agreement. However, Plaintiff then alleges that Featherston Holdings, Inc. assigned and transferred all of its interest in the Agreement to Yellowstone Poky, LLC.

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE
CERTAIN PORTIONS OF THE FIRST AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(F) - 3

Defendant moves to strike the purported designation of Featherston Holdings, Inc. as a named plaintiff in the case caption of the First Amended Complaint [Dkt. 51 at 1], and also moves to strike all but the first sentence of Paragraph 30 of the First Amended Complaint and Jury Demand [Dkt. 51 at 7].

## II.
## GOVERNING LAW

Federal Rule of Civil Procedure 12(f)(2) provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter…on motion made by a party…before responding to the pleading[.]" Fed. R. Civ. P. 12(f)(2). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Miesen v. Henderson*, No. 1:10-CV-00404-CWD, 2016 WL 6471429, at *2 (D. Idaho Oct. 31, 2016) (citing *SidneyVinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)). The Court has broad discretion in disposing of motions to strike. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993).

## III.
## ARGUMENT

Federal Rule of Civil Procedure 12(f) allows this Court to exercise its discretion to strike "immaterial" or "impertinent" matters from a pleading. Here, the purported designation of Featherston Holdings, Inc. as a named plaintiff in the case caption of the First Amended Complaint, and all of the text other than the first sentence of Paragraph 30 of the First Amended Complaint, are each "immaterial" and/or "impertinent" because: (i) the purported joinder of an entirely new named plaintiff is outside the narrow assignment-related scope of the Court's

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE
CERTAIN PORTIONS OF THE FIRST AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(F) - 4

48627.0003.8750767.4

limited grant of leave for Plaintiff to amend its original Complaint; and (ii) Plaintiff has not identified a permissible procedural mechanism that would allow Plaintiff -- conditionally and retroactively, on the basis of presumed alternative facts whose existence apparently is contingent on the outcome of a not-yet-made Court ruling as to Plaintiff's standing -- simply to designate in its amended pleading an entirely separate entity as a successor, replacement, additional or redefined named plaintiff.

As noted above, the scope of the Court's March 8, 2017 Order was expressly limited to granting Plaintiff leave to file an amended complaint "for the sole purpose of curing the defective jurisdictional allegations" arising from Plaintiff's "failure to assert a valid *assignment* of the underlying Agreement." Memorandum Decision and Order [Dkt. 50] at 10-11 (emphasis added). The Court's March 8, 2017 Order did not authorize in advance the joinder of an entirely new named plaintiff.

Defendant readily acknowledges -- consistent with the first sentence of new Paragraph 30 of Plaintiff's First Amended Complaint -- that Featherston Holdings, Inc. (as the original party to the Agreement) previously was named and has appeared as a counterdefendant in Defendant's counterclaims for declaratory judgment in this action (*see* Defendant's Answer to Plaintiff's Complaint and Jury Demand; Defendant's Counterclaim and Jury Demand, Dkt. 11, at 12-21).[2] But Featherston Holdings, Inc.'s status as an existing *counterdefendant* in this case does not

---

[2] In substance, Defendant's counterclaims seek declaratory relief: (i) stating that the Agreement is void and/or unenforceable as a matter of law and that neither Plaintiff nor Featherston Holdings, Inc. has any interest in the real property described in Exhibit A attached to Plaintiff's Complaint; (ii) stating that Plaintiff and/or Featherston Holdings, Inc. defaulted on the Agreement; and (iii) quieting title to the real property at issue in the lawsuit.

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE
CERTAIN PORTIONS OF THE FIRST AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(F) - 5

mean that Plaintiff can thereby simply decree (conditionally or otherwise) in its First Amended Complaint that Featherston Holdings, Inc. is also now a *named plaintiff* in the case. If Plaintiff wishes to join Featherston Holdings, Inc. as a new named plaintiff in this action, the proper procedural vehicle presumably would be for Plaintiff to file a separate motion for joinder under Fed. R. Civ. P. 19 or 20. Even then, however, Defendant notes that such a motion would appear to be futile in light of Plaintiff's *own allegations* in what is now the new Paragraph 29 of the First Amended Complaint [Dkt. 51 at 7] where Featherston Holdings, Inc. is expressly alleged to have "assigned and transferred all of its interest in the Agreement to [Plaintiff] Yellowstone Poky" -- which necessarily leaves Featherston Holdings, Inc. with no present rights with respect to, or interest in, the Agreement at issue in this action. 3 E. Allan Farnsworth, *Farnsworth on Contracts*, § 11.3, at 68 (1998) (noting that "the transfer of a contract extinguishes the assignor's right to performance by the obligor and gives the assignee a right to that performance"); *see Folk v. Petco Animal Supplies Stores, Inc.*, No. 2:13-CV-00124-BLW, 2013 WL 3322636, at *1 (D. Idaho July 1, 2013) (noting that "[a] court should find misjoinder if a party has either failed to satisfy the conditions of permissive joinder under Rule 20(a) of the Federal Rules of Civil Procedure or if 'one of several plaintiffs does not seek any relief against defendant and *is without any real interest in the controversy.*'") (emphasis added).

In sum, Plaintiff's conclusory insertion of Featherston Holdings, Inc. into the case caption of the First Amended Complaint as a named plaintiff, and the purported conditional designation of Featherston Holdings, Inc. as a new named plaintiff in the alternative future-ruling-contingent narrative set forth in all but the first sentence of Paragraph 30 of the First Amended Complaint, are further evidence of the factual and procedural tangle that has been

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE
CERTAIN PORTIONS OF THE FIRST AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(F) - 6

48627.0003.8750767.4

created by Plaintiff's ongoing "vigorous pleading gymnastics" to which Defendant's counsel referred during the March 2, 2017 hearing. These continuing pleading gymnastics unfairly impinge on Defendant's ability to respond meaningfully to what now have become internally inconsistent and irreconcilable factual allegations by Plaintiff.

## IV.
## CONCLUSION

Based upon the record and the foregoing argument, Defendant respectfully requests that the Court grant Defendant's Motion, strike the purported designation of Featherston Holdings, Inc. as a named plaintiff in the case caption of the First Amended Complaint [Dkt. 51 at 1], and strike all but the first sentence of Paragraph 30 of the First Amended Complaint [Dkt. 51 at 7].

DATED this 5th day of April, 2017.

HAWLEY TROXELL ENNIS & HAWLEY LLP

By: */s/ Howard D. Burnett*
Howard D. Burnett, ISB No. 3377

Attorneys for Defendant/Counterclaimant
First Pocatello Associates, L.P.

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE CERTAIN PORTIONS OF THE FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(F) - 7

48627.0003.8750767.4

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 5th day of April, 2017, I electronically filed the foregoing MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE CERTAIN PORTIONS OF THE FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(F) with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Jeffrey D. Brunson<br>BEARD ST. CLAIR GAFFNEY PA | jeff@beardstclair.com |
| John M. Avondet<br>BEARD ST. CLAIR GAFFNEY PA | javondet@beardstclair.com |

[Attorneys for Plaintiff/Counterdefendants]

                                                /s/ Howard D. Burnett
                                                Howard D. Burnett

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE CERTAIN PORTIONS OF THE FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(F) - 8

48627.0003.8750767.4