Howard D. Burnett, ISB No. 3377
HAWLEY TROXELL ENNIS & HAWLEY LLP
333 South Main Street
Post Office Box 100
Pocatello, ID 83204
Telephone:  208.233.0845
Facsimile:  208.233.1304
Email:  hburnett@hawleytroxell.com

Justin Cranney, ISB No. 8061
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone:  208.344.6000
Facsimile:  208.954.5248
Email:  jcranney@hawleytroxell.com

Austin Strobel, ISB No. 9803
HAWLEY TROXELL ENNIS & HAWLEY LLP
2010 Jennie Lee Drive
Idaho Falls, ID 83404
Telephone:  208.529-3005
Facsimile:  208.529-3065
Email: astrobel@hawleytroxell.com

Attorneys for Defendant/Counterclaimant
First Pocatello Associates, L.P.

## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| YELLOWSTONE POKY, LLC, an Idaho Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST POCATELLO ASSOCIATES, L.P.,<br><br>Defendant. | Case No. 4:16-CV-00316-BLW<br><br>DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND; DEFENDANT'S COUNTERCLAIM AND JURY DEMAND |

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT AND JURY DEMAND; DEFENDANT'S COUNTERCLAIM
AND JURY DEMAND - 1

FIRST POCATELLO ASSOCIATES, L.P.,

Counterclaimant,

vs.

YELLOWSTONE POKY, LLC, and
FEATHERSTON HOLDINGS, INC.,

Counterdefendants.

Pursuant to Federal Rules of Civil Procedure 8(b) and 15(a)(3), and subject to and without waiving the arguments raised in its Partial Motion to Dismiss [Doc. 7], its Motion to Strike Affidavit of Counsel [Doc. 16], its Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) [Doc. 30], its Motion to Strike Certain Portions of the First Amended Complaint Pursuant to Fed. R. Civ. P. 12(f) [Doc. 54], and the defenses asserted herein, Defendant First Pocatello Associates, L.P. ("First Pocatello") answers the First Amended Complaint and Jury Demand ("First Amended Complaint") filed by Plaintiff Yellowstone Poky, LLC ("Yellowstone Poky")[1] as follows:

## ANSWER

### I.
### GENERAL DENIAL

First Pocatello denies all allegations in the First Amended Complaint not expressly and specifically admitted herein.  In addition, for the reasons set forth in First Pocatello's Partial Motion to Dismiss [Doc. 7] addressed to Yellowstone Poky's originally-filed Complaint and

---

[1]   The inclusion by Yellowstone Poky of Featherston Holdings, Inc. ("Featherston Holdings") as a purported additional named plaintiff in the case caption of the First Amended Complaint is the subject of the above-mentioned Defendant's Motion to Strike Certain Portions of the First Amended Complaint Pursuant to Fed. R. Civ. P. 12(f).

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT AND JURY DEMAND; DEFENDANT'S COUNTERCLAIM
AND JURY DEMAND - 2

FIRST POCATELLO ASSOCIATES, L.P.,

Counterclaimant,

vs.

YELLOWSTONE POKY, LLC, and
FEATHERSTON HOLDINGS, INC.,

Counterdefendants.

Pursuant to Federal Rules of Civil Procedure 8(b) and 15(a)(3), and subject to and without waiving the arguments raised in its Partial Motion to Dismiss [Doc. 7], its Motion to Strike Affidavit of Counsel [Doc. 16], its Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) [Doc. 30], its Motion to Strike Certain Portions of the First Amended Complaint Pursuant to Fed. R. Civ. P. 12(f) [Doc. _____], and the defenses asserted herein, Defendant First Pocatello Associates, L.P. ("First Pocatello") answers the First Amended Complaint and Jury Demand ("First Amended Complaint") filed by Plaintiff Yellowstone Poky, LLC ("Yellowstone Poky")[1] as follows:

## ANSWER

## I.
## GENERAL DENIAL

First Pocatello denies all allegations in the First Amended Complaint not expressly and specifically admitted herein.  In addition, for the reasons set forth in First Pocatello's Partial Motion to Dismiss [Doc. 7] addressed to Yellowstone Poky's originally-filed Complaint and

---

[1]   The inclusion by Yellowstone Poky of Featherston Holdings, Inc. ("Featherston Holdings") as a purported additional named plaintiff in the case caption of the First Amended Complaint is the subject of the above-mentioned Defendant's Motion to Strike Certain Portions of the First Amended Complaint Pursuant to Fed. R. Civ. P. 12(f).

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT AND JURY DEMAND; DEFENDANT'S COUNTERCLAIM
AND JURY DEMAND - 2

Jury Demand, Yellowstone Poky's Count One in its First Amended Complaint fails to state a claim upon which relief can be granted, and, for the reasons set forth in First Pocatello's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) [Doc. 30] addressed to Yellowstone Poky's originally-filed Complaint and Jury Demand, all claims set forth in the First Amended Complaint fail for lack of subject matter jurisdiction in this Court pursuant to Fed. R. Civ. P. 12(b)(1).

## II.
## SPECIFIC ANSWERS TO PLAINTIFF'S NUMBERED ALLEGATIONS

### PARTIES

1.      In response to Paragraph 1 of the First Amended Complaint, First Pocatello answers that, upon information and belief, Yellowstone Poky is currently authorized to do business in Idaho.

2.      In response to Paragraph 2 of the First Amended Complaint, First Pocatello answers that, upon information and belief, Featherston Holdings is a California corporation.

3.      First Pocatello admits the allegations in Paragraph 3 of the First Amended Complaint.

### JURISDICTION AND VENUE

4.      In response to Paragraph 4 of the First Amended Complaint, First Pocatello admits that this Court has jurisdiction over the parties and this case.

5.      In response to Paragraph 5 of the First Amended Complaint, First Pocatello admits that this is the proper venue for this case.

6.      In response to Paragraph 6 of the First Amended Complaint, First Pocatello admits that the amount in controversy exceeds $75,000 and that jurisdiction is proper in this Court.

## FACTUAL ALLEGATIONS

7.      In response to Paragraph 7 of the First Amended Complaint, First Pocatello admits that it is the owner of the real property located in Bannock County, Idaho described in Exhibit A attached to the First Amended Complaint ("Property"), that the Property contains 24 buildings, and that First Pocatello leases portions of the Property to various tenants.  Exhibit A attached to the Complaint is the best evidence of its content and speaks for itself.  Except as expressly admitted herein, First Pocatello denies the allegations in Paragraph 7.

8.      In response to Paragraph 8 of the First Amended Complaint, First Pocatello admits that it began discussions in late 2015 concerning the potential sale of the Property to a purported entity that was represented to First Pocatello as being Featherston Holdings, a California corporation.  First Pocatello affirmatively avers that, upon information and belief, at the time that First Pocatello began negotiating with what First Pocatello was told to be Featherston Holdings, Featherston Holdings was then not in good standing with, and was suspended by, the California Franchise Tax Board.  First Pocatello affirmatively avers that, upon information and belief, Featherston Holdings subsequently obtained a Certificate of Revivor from the California Franchise Tax Board effective as of November 3, 2016.  First Pocatello is without sufficient knowledge to form a belief regarding the truth or falsity of the remaining allegations in Paragraph 8 and, therefore, denies the same.  Except as expressly admitted herein, First Pocatello denies the allegations in Paragraph 8.

9.     In response to Paragraph 9 of the First Amended Complaint, the document defined in the First Amended Complaint as the Agreement (referred to and incorporated into the First Amended Complaint in various places, including Paragraphs 9-10, 12, 15, 18, 21–27, 29, 32-34, 37, 40-41, 44-46, 51, 53, 61-62, 65) is the best evidence of its content and speaks for itself.  As set forth in First Pocatello's Partial Motion to Dismiss [Doc. 7], First Pocatello affirmatively avers that the Agreement is unenforceable under the Statute of Frauds, Idaho Code § 9–505(4).  Except as expressly admitted herein, First Pocatello denies the allegations in Paragraph 9.

10.     In response to Paragraph 10 of the First Amended Complaint, First Pocatello admits that the purchase price for the Property was to be $21,000,000.00 and that the initials of First Pocatello's authorized agent appear in various places on the Agreement.  First Pocatello affirmatively avers that the Agreement is unenforceable under the Statute of Frauds, Idaho Code § 9–505(4).  Except as expressly admitted herein, First Pocatello denies the allegations in Paragraph 10.

11.     In response to Paragraph 11 of the First Amended Complaint, First Pocatello admits that in January 2016 it allowed Roger Featherston ("Featherston"), a purported representative of Featherston Holdings, and an associate of Featherston to tour certain portions of the Property with Earl T. Swift ("Swift") and admits that it provided to Featherston numerous documents containing information regarding the Property, including maps and drawings of the Property.  Except as expressly admitted herein, First Pocatello denies the allegations in Paragraph 10.

12.     First Pocatello is without sufficient knowledge to form a belief regarding the truth or falsity of the allegations in Paragraph 12 of the First Amended Complaint and, therefore, denies the same.

13.     In response to Paragraph 13 of the Complaint, First Pocatello admits that it provided to Featherston numerous documents containing information regarding the Property. Except as expressly admitted herein, First Pocatello denies the allegations in Paragraph 13.

14.     First Pocatello denies the allegations in Paragraph 14 of the First Amended Complaint.

15.     In response to Paragraph 15 of the First Amended Complaint, First Pocatello admits that it executed a lease amendment with SME Steel Contractors, Inc. and that the lease amendment is the best evidence of its contents and speaks for itself.  First Pocatello affirmatively avers that the Agreement is unenforceable under the Statute of Frauds, Idaho Code § 9–505(4). Except as expressly admitted herein, First Pocatello denies the allegations in Paragraph 15.

16.     In response to Paragraph 16 of the First Amended Complaint, First Pocatello admits that it provided to Featherston numerous documents containing information regarding the Property.  Except as expressly admitted herein, First Pocatello denies the allegations in Paragraph 16.

17.     In response to Paragraph 17 of the Complaint, First Pocatello admits that it provided to Featherston numerous documents containing information regarding the Property. Except as expressly admitted herein, First Pocatello denies the allegations in Paragraph 17.

18.     In response to Paragraph 18 of the First Amended Complaint, First Pocatello admits that Featherston attended a meeting involving Swift and representatives of Idaho Power. First Pocatello is without sufficient knowledge to form a belief regarding the truth or falsity of

the allegations in Paragraph 18 regarding the timing or content of any alleged discovery by Featherston and, therefore, denies the same. First Pocatello affirmatively avers that it did not make any changes on the Property that violated any agreement and that the Agreement is unenforceable under the Statute of Frauds, Idaho Code § 9–505(4). Except as expressly admitted herein, First Pocatello denies the allegations in Paragraph 18.

19.     In response to Paragraph 19 of the First Amended Complaint, First Pocatello admits that it provided to Featherston numerous documents containing information regarding the Property. Except as expressly admitted herein, First Pocatello denies the allegations in Paragraph 19.

20.     In response to Paragraph 20 of the First Amended Complaint, First Pocatello admits that it provided to Featherston numerous documents containing information regarding the Property. Except as expressly admitted herein, First Pocatello denies the allegations in Paragraph 20.

21.     In response to Paragraph 21 of the First Amended Complaint, the Agreement is the best evidence of its contents and speaks for itself. First Pocatello affirmatively avers that the Agreement is unenforceable under the Statute of Frauds, Idaho Code § 9–505(4).

22.     In response to Paragraph 22 of the First Amended Complaint, the Agreement is the best evidence of its contents and speaks for itself. First Pocatello affirmatively avers that the Agreement is unenforceable under the Statute of Frauds, Idaho Code § 9–505(4).

23.     In response to Paragraph 23 of the Complaint, the Agreement is the best evidence of its contents and speaks for itself. First Pocatello affirmatively avers that the Agreement is unenforceable under the Statute of Frauds, Idaho Code § 9–505(4).

24.    In response to Paragraph 24 of the First Amended Complaint, the Agreement is the best evidence of its contents and speaks for itself.  First Pocatello affirmatively avers that the Agreement is unenforceable under the Statute of Frauds, Idaho Code § 9–505(4).

25.    In response to Paragraph 25 of the First Amended Complaint, the first Addendum to Real Estate Purchase and Sale Agreement is the best evidence of its contents and speaks for itself.  First Pocatello affirmatively avers that the Agreement is unenforceable under the Statute of Frauds, Idaho Code § 9–505(4).

26.    In response to Paragraph 26 of the First Amended Complaint, the Second Addendum to Real Estate Purchase and Sale Agreement is the best evidence of its contents and speaks for itself.  First Pocatello affirmatively avers that the Agreement is unenforceable under the Statute of Frauds, Idaho Code § 9–505(4).

27.    First Pocatello denies the allegations in Paragraph 27 of the First Amended Complaint.

28.    First Pocatello denies the allegations in Paragraph 28 of the First Amended Complaint.

29.    First Pocatello is without sufficient knowledge to form a belief regarding the truth or falsity of the allegations in Paragraph 29 of the First Amended Complaint and, therefore, denies the same.

30.    In response to Paragraph 30 of the First Amended Complaint, First Pocatello admits that Featherston Holdings has been named as a counterdefendant in this lawsuit, but affirmatively avers that Featherston Holdings and Yellowstone Poky lack standing in this lawsuit, affirmatively avers (in accordance with First Pocatello's earlier-filed April 5, 2017 Motion to Strike Certain Portions of the First Amended Complaint Pursuant to Fed. R. Civ. P.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT AND JURY DEMAND; DEFENDANT'S COUNTERCLAIM
AND JURY DEMAND - 8

12(f) [Doc. 54]) that the purported conditional joinder in Paragraph 30 of Featherston Holdings as an entirely new named plaintiff in this action is outside the narrow assignment-related scope of the Court's March 8, 2017 limited grant of leave for Yellowstone Poky to amend its original Complaint, and affirmatively avers that Yellowstone Poky has not identified a permissible procedural mechanism that would allow Yellowstone Poky -- conditionally and retroactively, on the basis of presumed alternative facts whose existence apparently is contingent on the outcome of a not-yet-made Court ruling as to Yellowstone Poky's standing -- simply to designate in Paragraph 30 an entirely separate entity (namely, Featherston Holdings) as a successor, replacement, additional or redefined named plaintiff in this action.  Except as expressly admitted herein, First Pocatello denies the allegations in Paragraph 30.

31.     First Pocatello denies the allegations in Paragraph 31 of the First Amended Complaint.

32.     In response to Paragraph 32 of the First Amended Complaint, First Pocatello admits that it provided to Featherston numerous documents containing information regarding the Property.  Except as expressly admitted herein, First Pocatello denies the allegations in Paragraph 32.

33.     First Pocatello denies the allegations in Paragraph 33 of the First Amended Complaint.  First Pocatello affirmatively avers that the Agreement is unenforceable under the Statute of Frauds, Idaho Code § 9–505(4).

34.     First Pocatello denies the allegations in Paragraph 34 of the First Amended Complaint.  First Pocatello affirmatively avers that the Agreement is unenforceable under the Statute of Frauds, Idaho Code § 9–505(4).

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT AND JURY DEMAND; DEFENDANT'S COUNTERCLAIM
AND JURY DEMAND - 9

35.     First Pocatello denies the allegations in Paragraph 35 of the First Amended Complaint.

36.     First Pocatello denies the allegations in Paragraph 36 of the First Amended Complaint.

37.     In response to Paragraph 37 of the First Amended Complaint, First Pocatello admits that it executed a lease amendment with SME Steel Contractors, Inc. and that the lease amendment is the best evidence of its contents and speaks for itself.  First Pocatello affirmatively avers that the Agreement is unenforceable under the Statute of Frauds, Idaho Code § 9–505(4). Except as expressly admitted herein, First Pocatello denies the allegations in Paragraph 37.

38.     In response to Paragraph 38 of the First Amended Complaint, First Pocatello admits that, in the normal course of its business as the owner of the Property, it routinely considers potential lease modifications for its current tenants and new leases for prospective tenants.  First Pocatello denies, however, that it has taken or intends to take any action with respect to any lease related to the Property that violates any agreement.

39.     First Pocatello denies the allegations in Paragraph 39 of the First Amended Complaint.

40.     In response to Paragraph 40 of the First Amended Complaint, First Pocatello avers that before it first communicated with Featherston concerning the Property, First Pocatello was already working with Idaho Power on an electrical project on the Property.  First Pocatello affirmatively avers that it did not make any changes on the Property that violated any agreement and that the Agreement is unenforceable under the Statute of Frauds, Idaho Code § 9–505(4). Except as expressly admitted herein, First Pocatello denies the allegations in Paragraph 40.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT AND JURY DEMAND; DEFENDANT'S COUNTERCLAIM
AND JURY DEMAND - 10

41.      First Pocatello denies the allegations in Paragraph 41 of the First Amended Complaint.

42.      First Pocatello denies the allegations in Paragraph 42 of the First Amended Complaint.

## COUNT ONE: BREACH OF CONTRACT/BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

43.      In response to Paragraph 43 of the First Amended Complaint, First Pocatello incorporates its responses to Paragraphs 1–42.

44.      First Pocatello denies the allegations in Paragraph 44 of the First Amended Complaint.

45.      First Pocatello denies the allegations in Paragraph 45 of the First Amended Complaint.

46.      First Pocatello denies the allegations in Paragraph 46 of the First Amended Complaint.

47.      First Pocatello admits the allegations in Paragraph 47 of the First Amended Complaint.

48.      First Pocatello denies the allegations in Paragraph 48 of the First Amended Complaint.

49.      First Pocatello denies the allegations in Paragraph 49 of the First Amended Complaint.

50.      First Pocatello denies the allegations in Paragraph 50 of the First Amended Complaint.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND; DEFENDANT'S COUNTERCLAIM AND JURY DEMAND - 11

51.     First Pocatello denies the allegations in Paragraph 51 of the First Amended Complaint.

52.     First Pocatello denies the allegations in Paragraph 52 of the First Amended Complaint.

53.     First Pocatello denies the allegations in Paragraph 53 of the First Amended Complaint.

## COUNT TWO: UNJUST ENRICHMENT

54.     In response to Paragraph 54 of the First Amended Complaint, First Pocatello incorporates its responses to Paragraphs 1–53.

55.     First Pocatello denies the allegations in Paragraph 55 of the First Amended Complaint.

56.     First Pocatello denies the allegations in Paragraph 56 of the First Amended Complaint.

57.     First Pocatello denies the allegations in Paragraph 57 of the First Amended Complaint.

58.     First Pocatello denies the allegations in Paragraph 58 of the First Amended Complaint.

59.     First Pocatello denies the allegations in Paragraph 59 of the First Amended Complaint.

## COUNT THREE: PRELIMINARY INJUNCTION

60.     In response to Paragraph 60 of the First Amended Complaint, First Pocatello incorporates its responses to Paragraphs 1–59.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND; DEFENDANT'S COUNTERCLAIM AND JURY DEMAND - 12

48627.0003.8745709.2

61.     First Pocatello denies the allegations in Paragraph 61 of the First Amended Complaint.

62.     In response to Paragraph 62 of the First Amended Complaint, First Pocatello admits that, in the normal course of its business as the owner of the Property, it routinely considers potential lease modifications for its current tenants and new leases for prospective tenants.  First Pocatello denies, however, that it has taken or intends to take any action with respect to any lease related to the Property that violates any agreement.  Except as expressly admitted herein, First Pocatello denies the allegations in Paragraph 62.

63.     In response to Paragraph 63 of the First Amended Complaint, First Pocatello denies that Yellowstone Poky is entitled to the requested preliminary injunction.

64.     First Pocatello denies the allegations in Paragraph 64 of the First Amended Complaint.

65.     First Pocatello denies the allegations in Paragraph 65 of the First Amended Complaint.

## III.
## RESPONSE TO PRAYER FOR RELIEF

First Pocatello denies that Yellowstone Poky is entitled to any of the relief requested in the First Amended Complaint.

## IV.
## DEFENSES AND AFFIRMATIVE DEFENSES

The following defenses are not stated separately as to each claim for relief alleged by Yellowstone Poky and/or Featherston Holdings.  In asserting the following defenses, First Pocatello does not admit that the burden of proving the allegations or denials contained in the defense is upon First Pocatello, but, to the contrary, asserts that by reason of denial and/or by

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT AND JURY DEMAND; DEFENDANT'S COUNTERCLAIM
AND JURY DEMAND - 13

reason of relevant statutory and judicial authority, the burden of proving the facts relevant to many of the defenses and/or burden of proving the inverse of the allegations contained in many of the defenses is upon Yellowstone Poky and/or Featherston Holdings. Moreover, First Pocatello does not admit, in asserting any defense, any responsibility or liability, but, to the contrary, specifically denies any and all allegations of responsibility and liability alleged in the First Amended Complaint.

## FIRST DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

This action, to the extent it purports to be prosecuted by Yellowstone Poky, is not prosecuted in the name of the real party in interest, and the First Amended Complaint must be dismissed as against Yellowstone Poky based on Rule 17(a) of the Federal Rules of Civil Procedure.

## THIRD DEFENSE

Featherston Holdings lacks standing to assert the claims set forth in the Complaint because Featherston Holdings was, at all times relevant herein, suspended by the California Franchise Tax Board, thereby lacking any corporate powers, rights, or privileges to enter into or assign any contracts, or to institute this lawsuit.

## FOURTH DEFENSE

Yellowstone Poky lacks standing to assert the claims set forth in the Complaint because the entity which signed the Agreement, Featherston Holdings, was, at all times relevant herein, suspended by the California Franchise Tax Board, thereby lacking any corporate powers, rights, or privileges to enter into or assign any contracts, or to institute this lawsuit.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT AND JURY DEMAND; DEFENDANT'S COUNTERCLAIM
AND JURY DEMAND - 14

## FIFTH DEFENSE

Yellowstone Poky lacks standing to maintain this action because Yellowstone Poky has failed to allege the existence of a valid written assignment conveying Featherston Holdings' interest in the Agreement to Yellowstone Poky as required by the Statute of Frauds, Idaho Code § 9–503.

## SIXTH DEFENSE

Yellowstone Poky and/or Featherston Holdings are barred from maintaining this action by the Statute of Frauds, Idaho Code § 9–503 and Idaho Code § 9–505(4).

## SEVENTH DEFENSE

Yellowstone Poky and/or Featherston Holdings are barred from maintaining this action because a condition precedent to the sale — providing First Pocatello with proof of funds required to purchase the Property — never occurred.

## EIGHTH DEFENSE

Yellowstone Poky and/or Featherston Holdings are barred from maintaining this action because First Pocatello's alleged breach of contract, if any, is excused by the breach of contract by Yellowstone Poky and/or Featherston Holdings.

## NINTH DEFENSE

Yellowstone Poky and/or Featherston Holdings are not entitled to specific performance because they did not tender and were not able to tender payment for the Property.

## V.
## STATEMENT REGARDING ADDITIONAL DEFENSES

First Pocatello has considered and believes that it may have additional defenses, but does not have enough information at this time to assert such additional defenses under Rule 11 of the Federal Rules of Civil Procedure.  First Pocatello does not intend to waive any such defenses and

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT AND JURY DEMAND; DEFENDANT'S COUNTERCLAIM
AND JURY DEMAND - 15

specifically asserts its intention to amend this answer if, pending research and after discovery, facts come to light giving rise to such additional defenses.

## VI.
## REQUEST FOR ATTORNEYS' FEES

First Pocatello hereby requests that it be awarded its costs and attorney fees incurred in defending this action pursuant to applicable law including, but not limited to, Idaho Code §§ 12-120(3), 12-121, and 12-123 and Rule 54 of the Federal Rules of Civil Procedure.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, First Pocatello prays for judgment as follows:

1.    That the First Amended Complaint be dismissed with prejudice and Yellowstone Poky and/or Featherston Holdings take nothing thereunder;

2.    For recovery of costs and reasonable attorneys' fees; and

3.    For such other and further relief as the Court may deem just and proper.

## COUNTERCLAIM

Pursuant to Federal Rules of Civil Procedure 13, 19 and/or 20, and subject to and without waiving the arguments raised in its Partial Motion to Dismiss [Doc. 7], Counterclaimant First Pocatello hereby alleges as follows:

## I.
## PARTIES

1.    Counterclaimant First Pocatello is a limited partnership organized under the laws of New Jersey and authorized to do business in the state of Idaho.

2.    Counterdefendant Yellowstone Poky is a limited liability company that was organized under the laws of Idaho.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT AND JURY DEMAND; DEFENDANT'S COUNTERCLAIM
AND JURY DEMAND - 16

3. Counterdefendant Featherston Holdings is a corporation that was organized under the laws of the California and, between March 1, 2013 and November 2, 2016, was suspended by the California Franchise Tax Board.

4. Pursuant to Federal Rule of Civil Procedure 13(h), Featherston Holdings should be joined as party to First Pocatello's Counterclaim under:

a. Federal Rule of Civil Procedure 19(a)(1)(B)(ii) because Featherston Holdings may still claim an interest in the Property and, in the absence of Featherston Holdings, First Pocatello may be subject to a substantial risk of incurring double or otherwise inconsistent obligations because of Featherston Holding's potential claimed interest in the Property; or

b. Federal Rule of Civil Procedure 20(a)(2) because the relief asserted by First Pocatello in this Counterclaim is asserted against Featherston Holdings and Yellowstone Poky, is with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences as the relief sought by First Pocatello against Yellowstone Poky, and questions of law and fact common to both Yellowstone Poky and Featherston Holdings will arise in the action, as set forth in the following paragraphs.

## II.
## JURISDICTION AND VENUE

5. Yellowstone Poky has asserted that it is entitled to specific performance of an agreement that would require First Pocatello to sell the Property to Yellowstone Poky for $21,000,000.00. Thus, the amount in controversy exceeds $75,000.

6. Upon information and belief, each member of Yellowstone Poky, including, but not necessarily limited to, Featherston, is permanently domiciled in either Idaho or California.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND; DEFENDANT'S COUNTERCLAIM AND JURY DEMAND - 17

48627.0003.8745709.2

Therefore, for purposes of diversity jurisdiction, Yellowstone Poky is a citizen of either Idaho or California.

7.    Featherston Holdings was incorporated under the laws of California and, upon information and belief, has its principal place of business in California.

8.    Each partner of First Pocatello is a citizen of New Jersey, and no partner of First Pocatello is a citizen of Idaho or California.   The partners of First Pocatello are:

    a.    Thomas Swift, limited partner, whose permanent domicile is in New Jersey.

    b.    Barbara Wischerath (formerly known as Barbara Swift), limited partner, whose permanent domicile is in New Jersey.

    c.    Mark Swift, limited partner, whose permanent domicile is in New Jersey.

    d.    Cynthia Valesi (formerly known as Cynthia Swift), limited partner, whose permanent domicile is in New Jersey.

    e.    Earl T. Swift 2015 Family Trust ("Swift Family Trust"), limited partner. The trustee of the Swift Family Trust is Barry Eckenthal, whose permanent domicile is in New Jersey.  The beneficiaries of the Swift Family Trust are Thomas Swift, Barbara Wischerath, Mark Swift, and Cynthia Valesi, who each has his or her permanent domicile in New Jersey.

    f.    Earl T. Swift Corporation ("ETS Corporation"), general partner, which is incorporated under the laws of New Jersey and has its principal place of business in New Jersey.

9.    Because Yellowstone Poky is a citizen of Idaho or California and Featherston Holdings is a citizen of California, and First Pocatello is a citizen of New Jersey, this action is between "citizens of different States."  28 U.S.C. § 1332(a)(1).

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT AND JURY DEMAND; DEFENDANT'S COUNTERCLAIM
AND JURY DEMAND - 18

10.     Accordingly, all of the requirements for the exercise of diversity jurisdiction are met here.

11.     Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action had been pending.

### III.
### GENERAL FACTUAL ALLEGATIONS

12.     In 1999, First Pocatello became the fee simple owner of the Property identified in Exhibit A attached to the Complaint.

13.     First Pocatello is, and has been since 1999, the fee simple owner of the Property.

14.     Featherston, on behalf of Featherston Holdings, and Swift, on behalf of First Pocatello (as the President of ETS Corporation, the general partner of First Pocatello), signed a document titled "Real Estate Purchase and Sale Agreement" ("Agreement").  Attached hereto as Exhibit 1 is a true and correct copy of the Agreement.  As set forth in First Pocatello's Partial Motion to Dismiss [Doc. 7], the Agreement is unenforceable under the Statute of Frauds, Idaho Code § 9–505(4).

15.     Featherston, on behalf of Featherston Holdings, and Swift, on behalf of First Pocatello (as the President of ETS Corporation, the general partner of First Pocatello), signed a document titled "Addendum to Real Estate Purchase and Sale Agreement" ("First Addendum").  Attached hereto as Exhibit 2 is a true and correct copy of the First Addendum.

16.     Featherston, on behalf of Featherston Holdings, and Swift, on behalf of First Pocatello (as the President of ETS Corporation, the general partner of First Pocatello), signed a document titled "Second Addendum to Real Estate Purchase and Sale Agreement" ("Second Addendum").  Attached hereto as Exhibit 3 is a true and correct copy of the Second Addendum.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT AND JURY DEMAND; DEFENDANT'S COUNTERCLAIM
AND JURY DEMAND - 19

48627.0003.8745709.2

17.    Featherston, on behalf of Featherston Holdings, and Swift, on behalf of First Pocatello (as the President of ETS Corporation, the general partner of First Pocatello), signed a document titled "Addendum No. 3 to Real Estate Purchase and Sale Agreement" ("Third Addendum"). Attached hereto as Exhibit 4 is a true and correct copy of the Third Addendum.

18.    Featherston, on behalf of Featherston Holdings, and Swift, on behalf of First Pocatello (as the President of ETS Corporation, the general partner of First Pocatello), signed a document titled "Addendum No. 4 to Real Estate Purchase and Sales Agreement" ("Fourth Addendum"). Attached hereto as Exhibit 5 is a true and correct copy of the Fourth Addendum.

19.    Pursuant to the Agreement and its addenda, the price to be paid for the purchase of the Property was $21,000,000.00.

20.    Featherston Holdings paid a total of $225,000.00 in earnest money with respect to the Property.

21.    None of the Agreement, First Addendum, Second Addendum, Third Addendum, or Fourth Addendum contains a legal description of the Property.

22.    On or about March 1, 2013, Featherston Holdings was suspended by the California Franchise Tax Board and was continuously suspended thereafter until it obtained a Certificate of Revivor effective as of November 3, 2016.

23.    On July 28, 2016, the Idaho Secretary of State administratively dissolved Yellowstone Poky pursuant to Idaho Code § 30-21-602, and on September 14, 2016, the Idaho Secretary of State reinstated Yellowstone Poky.

24.    The Third Addendum stated that Featherston Holdings was required, within the due diligence period, to provide to First Pocatello proof of funds required to consummate the purchase of the Property.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT AND JURY DEMAND; DEFENDANT'S COUNTERCLAIM
AND JURY DEMAND - 20

25.    Neither Yellowstone Poky nor Featherston Holdings has ever provided to First Pocatello any proof of funds required to consummate the purchase of the Property.

26.    The Agreement provided that the sale of the Property was to be settled and closed by June 28, 2016.

27.    On June 28, 2016, neither Yellowstone Poky nor Featherston Holdings was prepared to settle or close the sale of the Property, and neither of them appeared at the title company for a closing on that date.

28.    At no time has either Yellowstone Poky or Featherston Holdings been prepared to settle or close the sale of the Property.

29.    On June 30, 2016, counsel for First Pocatello notified counsel for Featherston Holdings in writing that Featherston Holdings was in default with respect to the Agreement.

30.    On June 28, 2016, Yellowstone Poky filed its Complaint.

31.    On June 28, 2016, Yellowstone Poky filed a Notice of Lis Pendens, claiming an interest in the Property, and then had the Notice of Lis Pendens recorded in Bannock County, Idaho.

## IV.
## FIRST COUNTERCLAIM
### (Declaratory Judgment)

32.    First Pocatello restates the allegations set forth in all preceding paragraphs.

33.    An actual controversy exists between First Pocatello and, collectively, Yellowstone Poky and Featherston Holdings concerning their respective rights, duties, and obligations related to the Agreement and its addenda.

34.    Pursuant to 28 U.S.C. § 2201, this Court has the power to "declare the rights and other legal relations" among interested parties.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT AND JURY DEMAND; DEFENDANT'S COUNTERCLAIM
AND JURY DEMAND - 21

35.     Pursuant to 28 U.S.C. § 2201, First Pocatello may have the validity of the Agreement and its addenda determined by this Court.

36.     The Agreement and its addenda fail to satisfy the Idaho Statute of Frauds, Idaho Code § 9–505(4).

37.     In addition, and in the alternative, at the time that Featherston Holdings signed the Agreement and its addenda, Featherston Holdings was suspended, and remained continually suspended until November 3, 2016, by the California Franchise Tax Board.

38.     During the period of its suspension by the California Franchise Tax Board, Featherston Holdings lacked any corporate powers, rights, or privileges to enter into any contracts or assign any contracts to Yellowstone Poky.

39.     Therefore, First Pocatello is entitled to a judgment and decree of declaratory relief stating that the Agreement and its addenda are void and/or unenforceable as a matter of law and that neither Yellowstone Poky nor Featherston Holdings has any interest in the Property, including pursuant to the unenforceable Agreement and its addenda.

## V.
## SECOND COUNTERCLAIM
### (In the Alternative to the First Counterclaim)
### (Declaratory Judgment)

40.     First Pocatello restates the allegations set forth in all preceding paragraphs.

41.     An actual controversy exists between First Pocatello and, collectively, Yellowstone Poky and Featherston Holdings concerning their respective rights, duties, and obligations related to the Agreement and its addenda.

42.     Pursuant to 28 U.S.C. § 2201, this Court has the power to "declare the rights and other legal relations" among interested parties.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT AND JURY DEMAND; DEFENDANT'S COUNTERCLAIM
AND JURY DEMAND - 22

43.     Pursuant to 28 U.S.C. § 2201, First Pocatello may have the validity of the Agreement and its addenda determined by this Court.

44.     Yellowstone Poky and/or Featherston Holdings failed to timely provide to First Pocatello any proof of funds required to consummate the purchase of the Property as required by the Agreement and its addenda.

45.     Neither Yellowstone Poky nor Featherston Holdings has ever provided to First Pocatello any proof of funds required to consummate the purchase of the Property.

46.     On June 28, 2016, neither Yellowstone Poky nor Featherston Holdings was prepared to settle or close the sale of the Property, and neither of them appeared at the title company for a closing on that date.

47.     At no time has either Yellowstone Poky or Featherston Holdings been prepared to settle or close the sale of the Property.

48.     At no time has either Yellowstone Poky or Featherston Holdings tendered payment for the Property.

49.     Accordingly, Yellowstone Poky and/or Featherston Holdings defaulted on the Agreement.

50.     Therefore, First Pocatello is entitled to a judgment and decree of declaratory relief stating that Yellowstone Poky and/or Featherston Holdings defaulted on the Agreement and that neither Yellowstone Poky nor Featherston Holdings has any interest in the Property, including pursuant to the unenforceable Agreement and its addenda.

51.     Further, because of the default on the Agreement by Yellowstone Poky and/or Featherston Holdings and pursuant to the Agreement, First Pocatello is entitled to receive as

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT AND JURY DEMAND; DEFENDANT'S COUNTERCLAIM
AND JURY DEMAND - 23

liquidated damages all the earnest money paid by Featherston Holdings with respect to the Property.

## VI.
## THIRD COUNTERCLAIM
### (Quiet Title)

52.     First Pocatello restates the allegations set forth in all preceding paragraphs.

53.     First Pocatello is the fee simple owner of the Property.

54.     Yellowstone Poky and/or Featherston Holdings claim an interest in the Property adverse to First Pocatello's interest therein.

55.     Neither Yellowstone Poky nor Featherston Holdings has any interest in the Property, including pursuant to the Agreement and its addenda.

56.     The Notice of Lis Pendens recorded in Bannock County, Idaho constitutes a cloud on the title.

57.     First Pocatello is entitled to a decree quieting title to the Property in its favor and an order that the Bannock County, Idaho recorder release the recorded Notice of Lis Pendens.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, First Pocatello prays for judgment as follows:

1.      For a decree that First Pocatello owns the Property in fee simple absolute and that First Pocatello is entitled to the quiet and peaceful possession of the Property;

2.      For a decree that neither Yellowstone Poky nor Featherston Holdings has any interest in or claim to the Property, including pursuant to the Agreement and its addenda;

3.      For a decree that First Pocatello is entitled to receive as liquidated damages all the earnest money paid by Featherston Holdings with respect to the Property;

4.      For an order from this Court that the Bannock County, Idaho recorder release the recorded Notice of Lis Pendens;

5.      For recovery of costs and reasonable attorneys' fees pursuant to applicable law including, but not limited to, Idaho Code §§ 12-120(3), 12-121, and 12-123 and Rule 54 of the Federal Rules of Civil Procedure; and

6.      For such other and further relief as the Court may deem just and proper.

## VIII.
## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, First Pocatello demands a trial by jury on all issues triable by jury.

DATED this 5th day of April, 2017.

HAWLEY TROXELL ENNIS & HAWLEY LLP


By:  /s/ Howard D. Burnett
      Howard D. Burnett, ISB No. 3377

Attorneys for Defendant/Counterclaimant
First Pocatello Associates, L.P.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT AND JURY DEMAND; DEFENDANT'S COUNTERCLAIM
AND JURY DEMAND - 25

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 5th day of April, 2017, I electronically filed the foregoing DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND; DEFENDANT'S COUNTERCLAIM AND JURY DEMAND with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Jeffrey D. Brunson                              jeff@beardstclair.com
BEARD ST. CLAIR GAFFNEY PA

John M. Avondet                                 javondet@beardstclair.com
BEARD ST. CLAIR GAFFNEY PA

[Attorneys for Plaintiff/Counterdefendants]


                                    /s/ Howard D. Burnett
                                    Howard D. Burnett


DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT AND JURY DEMAND; DEFENDANT'S COUNTERCLAIM
AND JURY DEMAND - 26