UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| YELLOWSTONE POKY, LLC, an Idaho Limited Liability Company, | Case No. 4:16-cv-00316-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| FIRST POCATELLO ASSOCIATES, L.P., | |
| Defendant. | |

FIRST POCATELLO ASSOCIATES, L.P.,

   Counterclaimant,

   v.

YELLOWSTONE POKY, LLC, an Idaho
Limited Liability Company, and
FEATHERSTON HOLDINGS, INC.

   Counterdefendant.

## INTRODUCTION

    This action involves the claim by Yellowstone Poky that Defendant First Pocatello

Associates, L.P. failed to perform its obligations under a real estate purchase and sale

agreement (the "Agreement") between First Pocatello and Yellowstone Poky's successor

in interest.  Yellowstone Poky brings claims for breach of contract, unjust enrichment,

and promissory estoppel.

Pending before the Court is a series of motions, including: Defendant's Partial Motion to Dismiss for Failure to State a Claim (Dkt. 7); Defendant's Motion to Strike Affidavit of Counsel (Dkt. 16); Plaintiff's Motion to Amend the Complaint (Dkt. 24); Plaintiff's Motion for Joinder (Dkt. 25); a Motion to Intervene filed by Roger Featherston (Dkt. 26); and Defendant's Motion to Dismiss for Lack of Jurisdiction (Dkt. 30).

The Court heard oral argument on this first series of motions on March 2, 2017. Subsequently, the Court issued a Memorandum Decision and Order finding that "Plaintiff's jurisdictional allegations are facially deficient due to the failure to assert a valid assignment of the underlying Agreement" from FHI to Yellowstone Poky. *Mem. Decision & Order* at 10, Dkt. 50. The Court granted Plaintiff leave to file an amended complaint for the sole purpose of curing the defective jurisdictional allegations and deferred ruling on the remaining motions. *Id.* at 11.

On March 22, 2017, Plaintiff filed its First Complaint pursuant to that Order. *First Am. Compl. and Jury Demand*, Dkt. 51. The new pleading alleges that FHI assigned its interest in the Agreement to Yellowstone Poky. *Id.* ¶ 29. It also purports to align FHI as a Plaintiff. *Id.* ¶ 30.

A second series of motions ensued. These include Defendant's Motion to Strike Amended Complaint (Dkt. 54), in which First Pocatello argues that FHI was improperly realigned as a co-plaintiff without leave of the Court. Also before the Court are Plaintiff's Motion to Strike Extraneous Pages of Defendant's Reply Memorandum and Declaration

of Howard D. Burnett (Dkt. 60) and Plaintiff's Second Motion to Amend/Correct Complaint and Realign Parties (Dkt. 61).

This Memorandum Decision and Order addresses the all pending motions, except the recently-filed Motions for Preliminary Injunction (Dkt. 67) and Expedited Discovery (Dkt. 68).

## DISCUSSION

## 1. Defendant's Motion to Strike Amended Complaint (Dkt. 54)

First Pocatello seeks to strike portions of Yellowstone Poky's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f). Specifically, First Pocatello objects to the purported designation of Featherston Holdings, Inc. (FHI) as a named plaintiff and inclusion of related allegations in Paragraph 30.

In its March 8, 2017 Memorandum Decision & Order (Dkt. 50), this Court granted Plaintiff leave to file an amended complaint, pursuant to 28 U.S.C. § 1653, "for the sole purpose of curing the defective jurisdictional allegations." The First Amended Complaint properly includes additional allegations regarding Yellowstone Poky's acquisition of rights in the underlying Agreement. However, the addition of FHI as a named Plaintiff exceeds the bounds of 28 U.S.C. § 1653 and the leave granted by this Court. Section 1653 allows amendments to cure defective allegations of jurisdiction but does not permit amendments "to produce jurisdiction where none actually existed before." *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 831 (1989). It does not, therefore, authorize the addition of a new plaintiff to cure a lack of subject matter jurisdiction. *See*

*Field v. Volkswagenwerk AG*, 626 F.2d 293, 306 (3d Cir. 1980); *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 776 (5th Cir. 1986).

Accordingly, the Court will grant Defendant's Motion, pursuant to Rule 12(f), and strike any reference to FHI as a Plaintiff in the First Amended Complaint.

**2.    Plaintiff's Motion to Strike Defendant's Reply Brief and Burnett Declaration (Dkt. 60)**

Plaintiff filed a motion to strike extraneous pages of the Defendant's Reply Memorandum to its Motion to Strike the Amended Complaint (Dkt. 59) and the entirety of the Declaration of Howard D. Burnett (Dkt. 59-1), which was attached as an exhibit to that reply brief.

Plaintiff argues that Defendant's Reply Memorandum consisted of twelve pages and therefore violated Idaho Local Civil Rule 7.1, which limits reply briefs to ten pages without express leave of the Court. In imposing length limits on party submissions, however, courts customarily exclude the case captions, tables of contents, tables of citations, signature blocks, certificates of service, and other such items. Defendant's Reply Memorandum consists of only ten (10) pages when excluding the case caption and "Certificate of Service." The Court will therefore deny Plaintiff's Motion to Strike Defendant's Reply Memorandum.

Plaintiff argues that the Declaration of Howard D. Burnett, filed in support of the above-mentioned Reply Memorandum, should be stricken pursuant to Federal Rule of Civil Procedure 6(c) and Idaho Local Civil Rule 7.1. The Court finds it unnecessary to consider the admissibility of the declaration as it was not relevant to the Court's ruling on

Defendant's Motion to Strike. Plaintiff's Motion to Strike the Declaration of Howard D. Burnett will be denied as moot.

### 3.    Defendant's Motion to Dismiss for Lack of Jurisdiction (Dkt. 30)

First Pocatello moved to dismiss Yellowstone Poky's complaint for lack of subject matter jurisdiction, on three distinct grounds. The Court rejected two of these grounds in its March 8 Memorandum Decision and Order (Dkt. 50).[1] On the third ground for dismissal—failure to plead existence of a valid assignment—the Court granted Yellowstone Poky leave to amend its defective jurisdictional allegations. Plaintiff thereafter filed a First Amended Complaint which now asserts a valid assignment of the underlying Agreement:

> 29.    Featherston Holdings, Inc. assigned and transferred all of its interest in the Agreement to Yellowstone Poky. Roger Featherston is the principal owner and manager of Yellowstone Poky and the president of Featherston Holdings, Inc. Roger Featherston has authority to bind both entities. Roger Featherston entered into the assignment on behalf of Featherston Holdings, Inc. and assigned and transferred all of Featherston Holdings' interest in the Agreement effective March 15, 2016.

This paragraph alleges sufficient facts regarding Yellowstone Poky's ownership of the contractual rights at issue so as to establish its standing to pursue this action.

Accordingly, the Court will deny First Pocatello's Motion to Dismiss for Lack of Jurisdiction (Dkt. 30).

---

[1] Specifically, the Court concluded that Yellowstone Poky does not lack the capacity to sue on the underlying agreement, because FHI is now in good standing with the California Franchise Tax Board. *See Mem. Decision and Order* at 5–8, Dkt. 50. Additionally, the Court concluded that the underlying Agreement was not rendered void or unenforceable due to FHI's corporate status at the time the of execution. *Id.*

## 4. Plaintiff's Motion for Joinder (Dkt. 26)

Yellowstone Poky has moved to join its real estate broker, Intermountain Real Estate Idaho, LLC d/b/a Coldwell Banker Commercial Advisors (CBCA), and Don Zebe, the actual realtor involved in the transaction, as Defendants to the Complaint. Joinder of Zebe would destroy complete diversity, as both Yellowstone Poky and Zebe are citizens of Idaho. Therefore, the Court must consider the effect of 28 U.S.C. § 1447(e), which governs post-removal joinder of non-diverse defendants.

### A. Legal Standard - 28 U.S.C. § 1447(e)

28 U.S.C. § 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The decision regarding joinder is committed to the trial court's discretion. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). In deciding whether to grant leave to join, the Court may consider factors such as:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*IBC Aviation Servs. v. Compania Mexicana De Aviacion*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000).

### B. Analysis

### (i)     Classification as "Required" Parties under Rule 19

Federal Rule of Civil Procedure 19 deals with parties who should be joined because they are either required or indispensable parties to the litigation. Assessment of a Rule 19 motion entails a three-step process First, the court must determine whether the absent party is required, under Rule 19(a). A person is required where:

> (A) in that person's absence, the court cannot accord complete relief among existing parties" or where "(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

"If the absent party is '[required],' the court must [next] determine whether joinder is 'feasible.'" *United States v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999). Joinder is not feasible when it would destroy subject matter jurisdiction. The absent party must be joined if joinder is feasible.

Finally, if joinder is not feasible, the court must consider whether the absent party is "indispensable"—that is, whether "the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). The factors to consider when determining whether a party is indispensable include: the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; whether a judgment rendered in the person's absence would be adequate; and whether the plaintiff would have

an adequate remedy if the action were dismissed for nonjoinder. Fed. R. Civ.P. 19(b). "There is no precise formula for determining whether a particular nonparty should be joined under Rule 19(a) . . . . The determination is heavily influenced by the facts and circumstances of each case." *N. Alaska Envtl. Ctr. v. Hodel*, 803 F.2d 466, 468 (9th Cir. 1986) (alteration in original).

Here, the Court finds that CBCA and Zebe are not required parties under Rule 19(a). Plaintiff argues that the absence of CBCA and Zebe would preclude complete relief on the misappropriation claims Plaintiff wishes to add to its complaint. However, the failure to join CBCA and Zebe would not impact this Court's ability to afford complete relief among the *existing parties*. The claims against First Pocatello and the realtors rest on distinct acts and injuries for which each party is individually liable. The failure to join CBCA and Zebe would not impact Plaintiff's ability to recover from First Pocatello on its claim for misappropriation. Therefore, clause (a)(1) of Rule 19 does not apply to these circumstances.

Plaintiff also argues that a determination by this Court that the underlying Agreement is void would potentially subject CBCA and Zebe to claims for negligence and breach of the Idaho Real Estate Brokerage Representation Act. However, under *res judicata* principles, CBCA and Zebe would not be bound by this court's decision about the validity of the underlying agreement, as they are neither parties to this lawsuit nor in privity with Yellowstone Poky.

Finally, Yellowstone Poky claims that it would be subject to potentially inconsistent results in state court if Zebe and CBCA are not joined. However, Rule 19 is not concerned with inconsistent results but with "inconsistent obligations." As the First Circuit has clarified,

> Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum. . . . Unlike a risk of inconsistent obligations, a risk that a defendant who has successfully defended against a party may be found liable to another party in a subsequent action arising from the same incident—i.e., a risk of inconsistent adjudications or results—does not necessitate joinder of all of the parties into one action pursuant to Fed.R.Civ.P. 19(a).

*Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 (1st Cir. 1998) (per curiam) (quoted approvingly in *Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California*, 547 F.3d 962, 976 (9th Cir. 2008) ("We adopt the approach endorsed by the First Circuit.")); *Micheel v. Haralson*, 586 F. Supp. 169, 171 (E.D. Pa. 1983) ("Rule 19(a)(2)(ii) protects against inconsistent obligations, not inconsistent adjudications; under the Rule a person is protected against situations in which there would be two court orders and compliance with one might breach the other."). Here, Yellowstone Poky faces the possibility of inconsistent results, not inconsistent obligations. Thus, clause (a)(2) of Rule 19 does not apply to these circumstances.

Therefore, Plaintiff has not carried its burden to demonstrate that CBCA and Zebe are required parties. This first factor weighs against joinder.

### (ii) Remaining Factors

The parties focused their briefing exclusively on the question of whether Zebe and CBCA qualify as "required" parties under Rule 19. However, pursuant to § 1447(e), a non-diverse party need not be required or indispensable for a district court to permit joinder which will destroy diversity jurisdiction. *See generally* 14C Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3739 (4th ed., April 2017 Update) ("The courts generally do not limit the non-diverse parties to be added to persons who satisfy the requirements of Federal Civil Rule 19(a)[.]").

Nonetheless, having weighed the relevant equities, the Court will deny the motion to join. The very purpose of the removal statutes is to provide diverse defendants with a choice of a state or federal forum, and First Pocatello has selected a federal forum. The Court must balance First Pocatello's interest in litigating this suit in federal court with the competing factors.

Here, the timing and substance of the proposed amendment mitigate against allowing joinder. There has been no explanation for Yellowstone Poky's failure to name CBCA and Zebe in its original complaints in this case, 4:16-cv-00316-BLW, or its companion, 4:16-cv-00315-BLW. Moreover, while the proposed claims against CBCA and Zebe arise out of the same facts, they involve distinct legal issues and are only tangentially related to the cause of action against First Pocatello. Thus, joinder would not necessarily serve the purpose of judicial economy. Finally, Yellowstone Poky would not suffer undue prejudice due to the absence of CBCA and Zebe because it can still proceed

separately against them in state court. The limited briefing provided by Plaintiff also does not assert that the statute of limitations would bar its later claims against these parties.

Having concluded that CBCA and Zebe are not required parties under Rule 19, and that the equities otherwise disfavor joinder, the Court will deny Yellowstone Poky's Motion to Join.

### 5.      Motion to Intervene (Dkt. 26)

Roger Featherson filed a Motion to Intervene under Federal Rule of Civil Procedure 24(a). Featherston is the "sole member of Yellowstone Poky, LLC," the Plaintiff in this action, the "President and CEO of Featherston Holdings, Inc.," a counter-defendant, and purports to be the original party to the Agreement. Featherston argues that he should be permitted to intervene as a matter of right, under Rule 24(a), because he has an interest central to the subject matter of this case and his interest are not adequately represented without his intervention.

#### A.      *Legal Standard – Rule 24*

Pursuant to Federal Rule of Civil Procedure 24(a)(2), a party seeking to intervene as a matter of right must satisfy four conditions:

> (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties.

*Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) (*citing Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). The failure to satisfy any one of these conditions is fatal to the application. *Id.*

### B.    Analysis

The Court finds that Roger Featherston fails to establish his right to intervene. As for the second element, Roger Featherston lacks a "significant protectable interest" relating to the underlying transaction. Roger Featherson alleges that he assigned his rights in the underlying Agreement to Yellostone Poky. His personal interest in seeing the Agreement enforced does not constitute a legally protectible interest in that Agreement. The court will deny the Motion to Join Zebe and CBCA as parties to this action, so that any interest relating to these parties is outside the scope of this litigation. Moreover, insofar as Roger Featherston asserts an interest in his own personal property and confidential information which may have been misappropriated by the Defendant, it is Yellowstone Poky's property that is the proper subject of the newly-pleaded misappropriation claim. Moreover, there is no suggestion that resolution of this lawsuit would, as a practical matter, impair his ability to recover this property through separate legal action.

As for the fourth element, any interest Roger Featherston does have would be "adequately represented" by Plaintiff Yellowstone Poky. He does not contend that the representation afforded by Yellowstone Poky would prove inadequate, or that there is an asymmetry of interests. Insofar as Yellowstone Poky is deemed to lack standing or status

as the real party in interest, Roger Featherston may employ the curative procedures set forth in Rule 17(a). *See* Fed. R. Civ. P. 17(a)(3) ("The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action.").

For these reasons, the Court will deny Roger Featherston's Motion to Intervene.

**6.      Plaintiff's Motions to Amend (Dkts. 24, 61)**

Yellowstone Poky filed its first Motion to Amend (Dkt. 24) on September 14, 2016, seeking to add a claim for misappropriation of trade secrets against First Pocatello and to include CBCA and Zebe as defendants. Yellowstone Poky filed a second Motion to Amend (Dkt. 61) on May 12, 2017, which: (1) incorporates the changes proposed in the first Motion to Amend; (2) seeks to align FHI as a Plaintiff; (3) adds additional factual allegations supporting its claim of equitable estoppel; (4) adds facts concerning the assignment and original parties to the underlying agreement. The Court will address each of the proposed amendments in turn.

### A.      *Legal Standard – Rule 15(a)(2)*

Rule 15(a)(2) provides that a party may amend its pleading at any time "with the opposing party's written consent or the court's leave" and that the Court "should freely give leave when justice so requires." In deciding whether justice requires granting leave to amend, courts consider (1) bad faith or dilatory motive on the part of the movant; (2) undue delay in seeking amendment; (3) repeated failure to cure deficiencies by previous

amendments; (4) undue prejudice to the opposing party; and (5) futility of the proposed

amendment." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989)

(citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Leave to amend need not be given if

a complaint, as amended, is subject to dismissal." *Id.* Prejudice is the "touchstone" of any

Rule 15 inquiry and "carries the greatest weight." *Eminence Capital, LLC v. Aspeon*, Inc.,

316 F.3d 1048, 1052 (9th Cir. 2003) (internal citations omitted).

### B.    *Analysis*

#### (i)    Misappropriation Claim against First Pocatello

First Pocatello opposes the addition of the misappropriation claim only on grounds

of futility, arguing that the case would still be subject to dismissal under its Motion to

Dismiss for Lack of Jurisdiction. However, this memorandum decision and order denies

that motion. First Pocatello does not contend that it would be prejudiced by the addition

of the misappropriation claim, and the Court finds no indication of bad faith or undue

delay. The Court will grant leave to amend as to the misappropriation claim.

#### (i)    Claims Against New Parties CBCA and Zebe

For the reasons stated above, the Court will deny Yellowstone Poky's request to

join CBCA and Zebe as defendants in this case. The Court will therefore deny the

corresponding request to amend the complaint to assert claims against CBCA and Zebe.

#### (ii)    Additional Allegations Supporting Equitable Estoppel

First Pocatello opposes the amendments pertaining to the Plaintiff's claim for

equitable estoppel, arguing that the amendment is futile. The Court agrees.

To establish a claim for equitable estoppel under Idaho law, Yellowstone Poky must establish four elements: "1) there must be a false representation or concealment of a material fact made with actual or constructive knowledge of the truth; 2) the party asserting estoppel did not and could not have discovered the truth; 3) there was intent that the misrepresentation be relied upon; and 4) the party asserting estoppel relied upon the misrepresentation or concealment to his or her prejudice." *Sorensen v. Saint Alphonsus Reg'l Med. Ctr., Inc.*, 118 P.3d 86, 91 (Idaho 2005).

Yellowstone Poky cannot meet the first element here: that he "did not and could not have discovered the truth" regarding the alleged invalidity of the legal description in the contract. It's predecessor in interest had a copy of the agreement and had the opportunity to assess the legal sufficiency of the property description.

To avoid this conclusion, Yellowstone Poky argues that "the Plaintiffs' equitable estoppel claim asserts that the Defendant concealed not the legal description itself, but the *Defendant's belief* regarding the legal sufficiency of the legal description and the existence of a statute of frauds defense." *Pl. Reply* at 7, Dkt. 66. (emphasis added). If this is the case, the claim fails on element one. To apply equitable estoppel, "there must be a false representation or concealment of a material *fact* . . . ." *Sorensen*, 118 P.3d at 91 (emphasis added). It is well settled that legal opinions do not qualify as factual representations. *See* 31 C.J.S. *Estoppel and Waiver* § 115 (June 2017 update) ("Equitable estoppel applies to the misrepresentation of a material fact, and not to a mere expression of opinion. Thus, for equitable estoppel to apply, the false representation must be one of

existing material fact, and not of intention, nor may it be a conclusion from facts or a conclusion of law.).

Accordingly, the Court will deny leave to amend the complaint to add these additional allegations as to equitable estoppel based on the futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

### (iii)    Additional Allegations Supporting Assignment

The Court will grant Yellowstone Poky leave to amend the complaint for purposes of clarifying the identity of the original contracting party and any assignment from that party. However, the Court is troubled by the addition of certain allegations regarding the assignment of rights to Yellowstone Poky. The Amended Complaint, the current operative pleading, includes the following:

> 29. Featherston Holdings, Inc. assigned and transferred all of its interest in the Agreement to Yellowstone Poky. Roger Featherston is the principal owner and manager of Yellowstone Poky and the president of Featherston Holdings, Inc. Roger Featherston has authority to bind both entities. Roger Featherston entered into the assignment on behalf of Featherston Holdings, Inc. and assigned and transferred all of Featherston Holdings' interest in the Agreement effective March 15, 2016.

Dkt. 51, ¶ 29. Yellowstone Poky proposes to replace this with Paragraph 36 of the proposed amended complaint:

> 36. Featherston Holdings or Assigns, the original party to the Agreement with FPA, assigned its interest in the Agreement to Yellowstone Poky. Featherston Holdings, Inc. assigned and transferred all of its interest, in the Agreement to Yellowstone Poky. Roger Featherston individually assigned his interest in the Agreement to Yellowstone Poky. Roger Featherston is the principal owner and manager of Yellowstone Poky and the president of Featherston Holdings, Inc. Roger Featherston entered into the assignment on behalf of each entity and

assigned Featherston Holdings or Assigns's interest in the Agreement effective March 15, 2016.

Dkt. 61-3, ¶ 36. Notably, Plaintiff seeks to add new allegations regarding two additional, and apparently unmemorialized, assignments—from Featherston Holdings to Yellowstone Poky and from Roger Featherston to Yellowstone Poky. This is troubling for three reasons. The first was aptly observed by the Second Circuit:

> [W]here the putative assignor and assignee are sister corporations . . . the holder of a contract could choose at will which of its corporate personalities would be the beneficiary of any given contract on any given day. This could be accomplished simply by adducing insider officers' testimony that they had meant to assign the contract from its nominal holder to the appropriate corporate shell before the relevant date. . . . [I]t is easy to see how recognizing unrecorded assignments based on retrospective testimony about intent alone would, in many cases, permit the unfair manipulation of contract rights.

*Prop. Asset Mgmt., Inc. v. Chicago Title Ins. Co.*, 173 F.3d 84, 87 (2d Cir. 1999). Second, Court struggles to see why Roger Featherston would have his corporation, Featherson Holdings Inc., execute such an assignment when he did not believe Featherson Holdings Inc. was a party to the Agreement. Finally, as First Pocatello has protested, the allegations pertaining to the assignment and original agreement have been a moving target. When filing its second amended complaint, Yellowstone Poky should take care to allege facts that are consistent with those already pled. Clearly established law in our Circuit precludes a party from pleading contradictory statements of facts, despite Plaintiff's argument to the contrary. *See Reddy v. Litton Industries, Inc*, 912 F.2d 291, 297 (9th Cir. 1990) ("Although leave to amend should be liberally granted, the amended complaint may only allege 'other facts consistent with the challenged pleading.'")

(quoting *Schreiber Distrib. Co. v. Serv–Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). Additionally, to avoid confusion regarding the shorthand "Featherston," the Court will also direct Yellowstone Poky to use, in every instance, the full name for: (1) Roger Featherson, (2) Roger Featherston d/b/a Featherston Holdings, and (3) Featherston Holdings, Inc.

### (iv)     Realignment of Counter-Defendant FHI as a Plaintiff

Plaintiff requests leave to amend the complaint to realign counter-defendant FHI as a plaintiff. The Court finds no support for the proposition that a counterclaim defendant who is not a party to the main action may simply be "renamed" a plaintiff. Unlike the cases cited by Yellowstone Poky, FHI has filed no affirmative claims for relief against the other parties in this action. Moreover, the parties in this case are already "arrange[d] . . . according to their sides in the dispute so that they are paired with other parties of similar interests." *Northbrook Nat'l Ins. Co. v. Brewer*, 493 U.S. 6, 16 n. 5 (1989). The case the labels assigned to the parties also have no jurisdictional consequences, such that realignment is necessary to establish complete diversity. The Court finds that the process of realignment is not applicable here and will deny leave to amend the complaint in this regard.

### 7.     Defendant's Motion for Partial Dismissal (Dkt. 7) and Motion to Strike Affidavit of Counsel (Dkt. 16)

In light of the forthcoming filing of a second amended complaint, First Pocatello's pending Motion for Partial Dismissal and related Motion to Strike Affidavit of Counsel will be denied as moot, without prejudice.

## CONCLUSION

The Court will end with an overarching observation relevant to many of the motions addressed in this Memorandum Decision & Order. Quite obviously there exist ambiguities in this case as to the ownership of the rights, if any, in the underlying Agreement. A determination on this issue depends on unresolved factual disputes as to: (1) the capacity in which Roger Featherston signed the Agreement—as an agent of Featherston Holdings, Inc. or as Roger Featherson, doing business as Featherston Holdings—and (2) the nature and validity of any assignment to Yellowstone Poky. The Court leaves the resolution of these issues for another day.

Yellowstone Poky has responded to these factual ambiguities by attempting to add—through joinder, intervention, or realignment—all potential real parties in interest. The problem with this strategy is that Featherston Holdings, Inc. and Roger Featherson do not at this time claim any legally cognizable interest in the Agreement and therefore cannot establish standing. Contrary to Yellowstone Poky's assertions, it has not "pled several alternative bases for claiming standing" but rather identified three parties whose standing is mutually exclusive.

The Court is bound by the contents of Plaintiff's pleadings, which allege that Yellowstone Poky was assigned all rights under the Agreement. It may later come to light that Yellowstone Poky holds no rights under the Agreement, because there was no valid assignment from the original party to the Agreement. At that point, Roger Featherston or Featherston Holdings, Inc. may be substituted in as the real party in interest. *See* Fed. R.

Civ. P. 17(a)(3) ("The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."). However, any attempt to bring in these parties at this juncture is premature.

## ORDER

**IT IS ORDERED:**

1.  Defendant's Partial Motion to Dismiss for Failure to State a Claim (Dkt. 7) is **DENIED AS MOOT**.

2.  Defendant's Motion to Strike Affidavit of Counsel (Dkt. 16) is **DENIED AS MOOT**.

3.  Plaintiff's Motion to Amend the Complaint (Dkt. 24) is **GRANTED IN PART** and **DENIED IN PART**, as noted above. Plaintiff's Second Motion to Amend/Correct Complaint and Realign Parties (Dkt. 61) is also **GRANTED IN PART** and **DENIED IN PART**, as noted above. No later than fourteen (14) days after the issuance of this order, Plaintiff shall file both a "clean," operative version of the Second Amended Complaint and a tracked changes version to alert the Court and all parties to the changes made.

4.  Plaintiff's Motion for Joinder (Dkt. 25) is **DENIED**.

5.  Roger Featherston's Motion to Intervene (Dkt. 26) is **DENIED**.

6.    Defendant's Motion to Dismiss for Lack of Jurisdiction (Dkt. 30) is

      **DENIED**.

7.    Defendant's Motion to Strike Amended Complaint (Dkt. 54) is

      **GRANTED**. Plaintiff shall strike any reference to FHI as a Plaintiff.

8.    Plaintiff's Motion to Strike Extraneous Pages of Defendant's Reply

      Memorandum and Declaration of Howard D. Burnett (Dkt. 60) is

      **DENIED**.


DATED: August 23, 2017

B. Lynn Winmill
Chief Judge
United States District Court