Blake S. Atkin ISB# 6903
Atkin Law Offices, P.C.
7579 North Westside Highway
Clifton, Idaho 83228
Telephone: (801) 533-0300
Facsimile: (801) 533-0380
Email: blake@atkinlawoffices.net

*Attorney for Plaintiff/Counterdefendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| YELLOWSTONE POKY, LLC, an Idaho Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST POCATELLO ASSOCIATES, L.P.,<br><br>Defendants. | |
| FIRST POCATELLO ASSOCIATES, L.P.,<br><br>Counterclaimant,<br><br>vs.<br><br>YELLOWSTONE POKY, LLC, FEATHERSTONE HOLDINGS, INC., and ROGER FEATHERSTON,<br><br>Counterdefendants. | **MEMORANDUM IN SUPPORT OF MOTION TO AMEND COMPLAINT**<br><br>Case No. 4:16-cv-00316-DCN |

Rule 15 (a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), ¶¶ 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules. *Foman v. Davis*, 371 U.S. 178, 182 (1962). To safeguard a plaintiff's opportunity to test his claims on the merits, Rule 15(a) of the Federal Rules of Civil Procedure provides that leave of the court to amend the pleadings should be freely given when justice requires. Fed.R.Civ.P. 15(a). Accordingly, a district court must justify its denial of a motion to amend with reasons such as futility of amendment or undue delay. *Bauchman v. West High School*, 132 F. 3d 542 (10th Cir. 1997).

Here, Plaintiff's third amended complaint, with its addition of additional Defendants whose involvement in this action are necessary to a complete adjudication of the matter, and additional causes of action asserting new theories of recovery for Defendants' unlawful confiscation of Plaintiff's confidential, proprietary, and trade secret materials, would not be futile. Moreover, no substantial discovery has been performed in this case. Indeed, initial

disclosures have not yet been provided. Pursuit of these amendments before any substantial discovery has been pursued by either party is not untimely.

### **Plaintiff's motion to amend is timely**

There is no case management order in this case. This case after removal from state court has not been followed by any case management efforts by the parties. Rather, the focus has been limited to the determination whether the contract of sale which was the epicenter of the original complaint was barred by the statute of frauds. The Court's decision with regard to that question, finding that the contract was barred by the statute of frauds, necessarily requires a change of focus in the case in order to determine the respective rights of the parties now that the contract has been determined to be unenforceable.

For instance, conversion of Plaintiff's trade secrets relating to development of the property, before the Court's finding that the contract was not enforceable, focused on the deprivation by defendants of the tools needed by the Plaintiff to exploit the property. Now, the focus is shifted, and in order to do justice between the parties with regard to misappropriation and conversion of the trade secrets, the Court must determine the value of those trade secrets in the hands of the Defendants who will continue in possession of the property and can now use those trade secrets that they have appropriated to their commercial advantage. In order to do justice to the Plaintiff, the focus needs to shift to that perspective.

Similarly, what had been pleaded as "unjust enrichment," must now be recast as a claim for restitution, a typical recovery for a plaintiff who has been deprived of the benefits of the purchase contract because of the statute of frauds.

Finally, from a review of the course of dealing of these parties, it appears that Defendants, by virtue of acceptance of a non-refundable payment of $50,000, and continual promises to "do the deal" if Plaintiff could show financial ability to close the purchase, should be estopped to deny that Plaintiff is entitled to purchase property from the defendants. What that property is, may need to be explored in discovery, and it would appear appropriate at this point to allow amendment of the complaint followed by initial disclosures and orderly discovery.

Wherefore, Plaintiff seeks leave to amend the complaint and file the third amended complaint attached hereto as Exhibit "A".

Dated this 1st day of June, 2018.

        Atkin Law Offices, P.C.
        Blake S. Atkin

        _____
        Attorneys for the Plaintiff/Counterdefendants

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2018, I served the foregoing MEMORANDUM IN SUPPORT OF MOTION TO AMEND COMPLAINT on the following party via electronic mail:

Howard D. Burnett
Hawley Troxell Ennis & Hawley
412 W. Center St., Suite 2000
P.O. Box 100
Pocatello, ID  83204
Email: hburnett@hawleytroxell.com
Phone:  (208) 233-0845
Fax:  (208) 233-1304

_____
Jennifer Mariscal