UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| YELLOWSTONE POKY, LLC, an Idaho Limited Liability Company,<br><br>                    Plaintiff,<br><br>vs.<br><br>FIRST POCATELLO ASSOCIATES, L.P., a New Jersey limited partnership,<br><br>                    Defendant.<br><br>―――――――――――<br><br>FIRST POCATELLO ASSOCIATES, L.P.,<br><br>                    Counterclaimant,<br><br>vs.<br><br>YELLOWSTONE POKY, LLC, FEATHERSTON HOLDINGS, INC., and ROGER FEATHERSTON,<br><br>                    Counterdefendants. | Case No. <u>4:16-CV-00316-DVB</u><br><br>ORDER MEMORIALIZING AND IMPLEMENTING THE COURT'S RULINGS FROM THE BENCH DURING THE NOVEMBER 9, 2018 HEARING ON MULTIPLE PENDING MOTIONS |

**INTRODUCTION**

This matter came before the Court at a hearing conducted on November 9, 2018 in the

United States District Courthouse in Pocatello, Idaho.  Pending before the Court at the November

9, 2018 hearing were the following six motions:

> (i)    Plaintiff Yellowstone Poky, LLC's "Motion to Compel Return of Documents and for Entry of a Protective Order" [Dkt. 99];

> (ii)   "Defendant/Counterclaimant [First Pocatello Associates, L.P.'s] Motion for Order re: Copying and Delivery of Building 3 Documents" [Dkt. 100];

ORDER MEMORIALIZING AND IMPLEMENTING THE COURT'S RULINGS FROM THE BENCH DURING THE NOVEMBER 9, 2018 HEARING ON MULTIPLE PENDING MOTIONS - 1

(iii)    Plaintiff Yellowstone Poky, LLC's "Motion to Strike Defendants' Motion With Regard to Building 3 Documents" [Dkt. 105];

(iv)    Plaintiff Yellowstone Poky, LLC's "Motion to Strike the Declaration of Barbara Swift Wischerath" [Dkt. 108];

(v)    "Defendant/Counterclaimant [First Pocatello Associates, L.P.'s] Motion for Partial Summary Judgment as First and Third Counterclaims [Fed. R. Civ. P. 56]" [Dkt. 101]; and,

(vi)    Plaintiff Yellowstone Poky, LLC's "Motion to Amend Complaint" [Dkts. 102 and 107].

Having reviewed and considered all the respective briefs, declarations, exhibits and related documents of record submitted by the parties in connection with these six motions, and having heard and considered the respective oral arguments of counsel at the hearing, the Court ruled from the bench during the November 9, 2018 hearing as follows:

(i)    Plaintiff Yellowstone Poky, LLC's "Motion to Compel Return of Documents and for Entry of a Protective Order" [Dkt. 99] is denied, and the Court instead adopts Defendant/Counterclaimant First Pocatello Associates, L.P.'s proposed protocol for the copying and delivery of the Building 3 Documents;

(ii)    "Defendant/Counterclaimant [First Pocatello Associates, L.P.'s] Motion for Order re: Copying and Delivery of Building 3 Documents" [Dkt. 100] is granted (and the document copying and delivery protocol described therein shall be deemed to include any electronically-stored materials contained among the Building 3 Documents);

(iii)    Plaintiff Yellowstone Poky, LLC's "Motion to Strike Defendants' Motion With Regard to Building 3 Documents" [Dkt. 105] is denied;

(iv)    Plaintiff Yellowstone Poky, LLC's "Motion to Strike the Declaration of Barbara Swift Wischerath" [Dkt. 108] is moot, because in reaching its decision to deny Plaintiff Yellowstone Poky, LLC's "Motion to Compel Return of Documents and for Entry of a Protective Order" [Dkt. 99], the Court did not rely on the June 1, 2018 "Declaration of Barbara Swift Wischerath" [Dkt. 104-1] that had been submitted in opposition to Plaintiff Yellowstone Poky, LLC's "Motion to Compel Return of Documents and for Entry of a Protective Order" [Dkt. 99];

ORDER MEMORIALIZING AND IMPLEMENTING THE COURT'S RULINGS FROM THE BENCH DURING THE NOVEMBER 9, 2018 HEARING ON MULTIPLE PENDING MOTIONS - 2

(v)     "Defendant/Counterclaimant [First Pocatello Associates, L.P.'s] Motion for Partial Summary Judgment as First and Third Counterclaims [Fed. R. Civ. P. 56]" [Dkt. 101] is granted; and,

(vi)    Plaintiff Yellowstone Poky, LLC's "Motion to Amend Complaint" [Dkts. 102 and 107] is denied as described below with respect to the proposed "Third Amended Complaint and Jury Demand" [Dkt. 107-2]:

(a)     proposed "Count One: Breach of Contract/Breach of the Implied Covenant of Good Faith and Fair Dealing" previously was ruled on and dismissed with prejudice by this Court (*see* February 27, 2018 Memorandum Decision and Order [Dkt. 97] at 18); accordingly, the proposed reassertion of this claim is futile, and therefore is denied.

(b)     proposed "Count Four: Conversion" is denied on the grounds that Plaintiff Yellowstone Poky, LLC has asserted this claim in bad faith, and Plaintiff Yellowstone Poky, LLC unduly delayed in seeking to assert this claim; in addition, this proposed claim is futile because it can be defeated by a motion to dismiss or for summary judgment on the basis of the recognized defenses of abandonment and consent.

(c)     proposed "Count Five: Commercial Espionage" is denied as futile because Yellowstone Poky, LLC has not identified, and this Court is not aware of, any recognized civil cause of action for "commercial espionage."

(d)     proposed "Count [Six]: Equitable Estoppel" [mislabeled in Plaintiff Yellowstone Poky, LLC's proposed "Third Amended Complaint and Jury Demand" [Dkt. 107-2] as "Count Five" when, in fact, it is the sixth sequential claim listed in the proposed Third Amended Complaint] previously was addressed in this Court's August 23, 2017 Memorandum Decision and Order [Dkt. 71] and mentioned again in this Court's February 27, 2018 Memorandum Decision and Order [Dkt. 97]. Plaintiff Yellowstone Poky, LLC's latest factual allegations (whether or not assumed to be true) reflect merely a non-actionable statement of future intent with a condition precedent, are insufficiently definitive, are vague and ambiguous, and fail to comply with the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure; accordingly, Plaintiff Yellowstone Poky, LLC's proposed assertion of a new "equitable estoppel" claim is futile, and therefore is denied.

(e)     Plaintiff Yellowstone Poky, LLC's proposed joinder of Earl Swift and Barbara Wischerath as additional named defendants in their respective individual capacities is denied on the grounds that no factual or legal basis has been established under either Rule 19 or Rule 20 of the Federal Rules of Civil Procedure for the proposed joinder of either such individual.

ORDER MEMORIALIZING AND IMPLEMENTING THE COURT'S RULINGS FROM THE BENCH DURING THE NOVEMBER 9, 2018 HEARING ON MULTIPLE PENDING MOTIONS - 3

48627.0003.11487401.3

## ORDER

Therefore, memorializing and implementing this Court's rulings from the bench during

the November 9, 2018 hearing, **IT IS HEREBY ORDERED** that:

1.     Plaintiff Yellowstone Poky, LLC's "Motion to Compel Return of Documents and for Entry of a Protective Order" [Dkt. 99] is **DENIED**.

2.     Defendant/Counterclaimant First Pocatello Associates, L.P.'s "Motion for Order re: Copying and Delivery of Building 3 Documents" [Dkt. 100] is **GRANTED**, and the parties are hereby ordered to proceed cooperatively with the copying and delivery of the Building 3 Documents (which shall be deemed to include any electronically-stored materials contained among the Building 3 Documents) in accordance with the terms and conditions outlined in the April 9, 2018 letter from Howard D. Burnett (counsel for First Pocatello Associates, L.P.) to Blake S. Atkin (counsel for Yellowstone Poky, LLC) annexed as Exhibit C to the May 15, 2018 "Declaration of Howard D. Burnett in Support of Defendant/Counterclaimant's Motion for Order Re: Copying and Delivery of Building 3 Documents" [Dkt. 100-3 at 19-22].

3.     Plaintiff Yellowstone Poky, LLC's "Motion to Strike Defendants' Motion With Regard to Building 3 Documents" [Dkt. 105] is **DENIED**.

4.     Plaintiff Yellowstone Poky, LLC's "Motion to Strike the Declaration of Barbara Swift Wischerath" [Dkt. 108] is **MOOT**.

5.     Defendant/Counterclaimant First Pocatello Associates, L.P.'s "Motion for Partial Summary Judgment as First and Third Counterclaims [Fed. R. Civ. P. 56]" [Dkt. 101] is **GRANTED**.  Accordingly, Defendant/Counterclaimant First Pocatello Associates, L.P. specifically is hereby granted by this Court:

   (i)     declaratory judgment that the "RE-23 Commercial/Investment Real Estate Purchase and Sale Agreement" and its four addenda (collectively, the "Agreement," as set forth as Exhibits 1-5 to "Defendant's Answer to Plaintiff's Second Amended Complaint and Jury Demand; Defendant's First Amended Counterclaim and Jury Demand" filed September 20, 2017 [Dkt. 80] – *see specifically* Dkt. 80-1 at 1-24] are unenforceable as a matter of law and that neither Yellowstone Poky, LLC, nor Featherston Holdings, Inc. nor Roger Featherston has any interest in the Gateway West Industrial Center property (the "Property") described in Exhibit A to Plaintiff Yellowstone Poky, LLC's "Second Amended Complaint and Jury Demand"

ORDER MEMORIALIZING AND IMPLEMENTING THE COURT'S RULINGS FROM THE BENCH DURING THE NOVEMBER 9, 2018 HEARING ON MULTIPLE PENDING MOTIONS - 4

filed September 6, 2017 [Dkt. 78] – *see specifically*, Dkt. 78-2 at 1-2], including pursuant to the unenforceable Agreement; and,

(ii)     a decree quieting title to the Property in Defendant/Counterclaimant First Pocatello Associates, L.P.'s favor.

6.     Plaintiff Yellowstone Poky, LLC's "Motion to Amend Complaint" [Dkts. 102 and 107] is **DENIED**.

DATED: November 26, 2018.

_____
Dee V. Benson
Senior District Judge
United States District Court for the District of Utah
(sitting by special designation)

48627.0003.11487401.3