IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| YELLOWSTONE POKY, LLC, an Idaho Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST POCATELLO ASSOCIATES, L.P., A New Jersey Limited Partnership,<br><br>Defendant.<br><br>———————————————<br><br>FIRST POCATELLO ASSOCIATES, L.P.<br><br>Counterclaimant,<br><br>vs.<br><br>YELLOWSTONE POKY, LLC, and FEATHERSTON HOLDINGS, INC.<br><br>Counterdefendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR ATTORNEY FEES & COSTS**<br><br><br>Case No. 4:16-cv-00316<br><br>Judge Dee Benson |

Before the Court is Defendant First Pocatello Associates, L.P.'s ("First Pocatello's") Renewed Motion for Award of Attorney Fees and Costs.  (Dkt. 164).  Plaintiff Yellowstone Poky did not respond to the motion, and the deadline for filing a response has passed.  For the reasons set forth below, the Court grants the motion.

## **BACKGROUND**

Plaintiff Roger Featherson, Featherston Holdings, and Yellowstone Poky, LLC ("Yellowstone Poky"), brought this diversity action against First Pocatello, alleging breach of

agreement and other claims arising from an aborted real property deal.  *See Yellowstone Poky, LLC v. First Pocatello Assocs., L.P.*, ___ F. App'x ___, 2020 WL 1231356, at *1 (9th Cir. 2020). On February 27, 2018, this Court granted First Pocatello's motion for summary judgment and dismissed with prejudice Count One of Yellowstone Poky's Second Amended Complaint alleging breach of contract and breach of implied covenant of good faith and fair dealing.  (Dkt. 97.)  The Court also granted summary judgment in favor of First Pocatello on its First Counterclaim (seeking declaratory judgment that the underlying purchase agreement was void and unenforceable for failure to satisfy Idaho's statute of frauds) and Third Counterclaim (quieting title of the property at issue in favor of First Pocatello).  (Dkt. 119.)  On January 11, 2019, the Court granted First Pocatello's motion for entry of final judgment as to Count One of the Second Amended Complaint as well as the First and Third Counterclaims.  (Dkt. 131.)

On January 25, 2019, First Pocatello, as the prevailing party, filed a motion for attorney fees and costs pursuant to 12-120(3).  (Dkt. 135.)  On February 8, 2019, Yellowstone Poky appealed the Judgment entered in First Pocatello's favor.  (Dkt. 137.)  Yellowstone Poky then opposed First Pocatello's motion for attorney fees, arguing that the motion was premature because "uncertainty remain[ed] as to the overall outcome of this action."  (Dkt. 138 at 2.)

Yellowstone Poky did not object to the reasonableness of the number of hours or to the reasonableness of the hourly rates submitted to the Court by First Pocatello in the Declaration of Howard D. Burnett in support of the motion for fees and costs, nor did Yellowstone Poky dispute that Idaho Code § 12-120(3) and ¶¶ 31 and 32 of the Real Estate Purchase and Sale Agreement at issue in the lawsuit provided a legal basis for First Pocatello to recover its attorney fees and costs.  Yellowstone Poky's sole objection to the motion for attorney fees and costs was that a

determination of the "prevailing party" was premature in light of Yellowstone Poky's then-pending appeal to the Ninth Circuit and in light of the other then-remaining claims in this action.

In light of the pending appeal, this Court temporarily denied First Pocatello's motion for attorney fees and costs, but granted Defendant "leave to renew the motion following disposition of the remaining claims in this action and following the resolution of the matter on appeal." (Dkt. 148 at 3.)

On March 13, 2020, the United States Court of Appeals for the Ninth Circuit affirmed this Court's grant of partial summary judgment in favor of First Pocatello, and on April 6, 2020, the Ninth Circuit issued its Mandate fully resolving the appeal.  (Dkts. 156 & 157, respectively.) First Pocatello filed a motion for attorneys' fees and non-taxable costs on appeal.  Yellowstone Poky did not file an opposition.  The Ninth Circuit granted First Pocatello's motion and awarded First Pocatello attorneys' fees and non-taxable costs in the amount of $88,983.95.  (Dkt. 159.)[1]

After the appeal, the only outstanding claim in the Second Amended Complaint was Count Two, for unjust enrichment.  On May 22, 2020, First Pocatello filed a motion seeking dismissal of Count Two on the basis that it was moot given the Ninth Circuit's Mandate.  (Dkt. 163.)  As First Pocatello explained: "By operation of law, and as a direct result of the Agreement being unenforceable, the Agreement now must be unwound, resulting, at least nominally, in a conditional authorization for a return to Yellowstone Poky of earnest money deposits made on behalf of Yellowstone Poky … pursuant to the Agreement," subject to an immediate equitable right of setoff in favor of First Pocatello.  (Dkt. 163-1 at 3.)  Yellowstone Poky did not oppose the motion.  Accordingly, this Court granted the motion and dismissed Count Two on the basis

---

[1] Consistent with the Ninth Circuit's Mandate (Dkt. 159), this Court entered Judgment awarding fees and costs on appeal.  (Dkt. 171.)

that it was moot.[2]  Having dismissed Count Two, all the counts in Yellowstone Poky's Second Amended Complaint have been resolved and the Court finds First Pocatello to be the prevailing party.[3]

On May 22, 2020, First Pocatello filed a Renewed Motion for Attorney Fees and Costs, seeking attorney fees in the amount of $133,654.50 and taxable costs in the amount of $949.26. (Dkt. 164.)  Plaintiff Yellowstone Poky did not respond to the renewed motion.

## DISCUSSION

Idaho law governs the award of attorney fees in this matter because federal courts must follow state law as to attorney fees in diversity actions.  *Kayser v.* McClary, 875 F.Supp.2d 1167, 1183 (D. Idaho 2012).  First Pocatello requests attorney fees pursuant to Idaho Code § 12-120(3) and the Real Estate Purchase and Sale Agreement that was at issue in the suit.

Idaho Code Section 12-120(3) provides:

> In any civil action to recover on … [a] contract relating to the purchase or sale of good, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.

Idaho Code § 12-120(3).  There is no question in this case that First Pocatello is the prevailing party.  Likewise, there is no dispute that the claim arose out of a commercial transaction. Accordingly, the Court finds that First Pocatello is entitled to its reasonable costs and fees.

---

[2] The Court's order dismissing Count Two of the Second Amended Complaint was entered on the same date and simultaneous with this Memorandum Decision and Order.

[3] Count One, breach of contract, was dismissed with prejudice by the Court on February 27, 2018, and the dismissal affirmed by the Ninth Circuit in its March 13, 2020 Memorandum (Dkt. 156) and its April 6, 2020 Mandate (Dkt. 157).  Count Two, unjust enrichment, was dismissed as moot by the Court in an Order entered simultaneously with this Memorandum Decision and Order.  Count Three, preliminary injunction, was denied by the Court on January 30, 2018 (Dkt. 96) and in any event was based on Yellowstone Poky's alleged contractual rights that have been extinguished by the dismissal with prejudice of Count One.  Count Four, misappropriation of trade secrets, was resolved pursuant to the parties' stipulation and dismissed with prejudice by the Court on April 2, 2019 (Dkt. 155).

First Pocatello's Second Counterclaim was pled "in the alternative" to the First Counterclaim that was resolved in favor of First Pocatello. Accordingly, the Court dismissed First Pocatello's Second Counterclaim on mootness grounds in an Order entered simultaneously with this Order.

When determining the amount of attorney fees to be awarded under Idaho Code § 12-120(3), federal courts sitting in diversity consider the reasonableness factors set forth in Idaho R. Civ. P. 54(e)(3); *see Champion Produce, Inc. v. Ruby Robinson Co.,* 342 F.3d 1016, 1024 (9th Cir. 2003) ("An award of attorneys' fees incurred in a suit based on state substantive law is generally governed by state law.").

Idaho Rule of Civil Procedure 54(e)(3) requires the Court to consider the following factors in determining the amount of reasonable attorney fees:

(A) The time and labor required.

(B) The novelty and difficulty of the questions.

(C) The skill requisite to perform the legal service properly and the experience and ability of the attorney in the particular field of law.

(D) The prevailing charges for like work.

(E) Whether the fee is fixed or contingent.

(F) The time limitations imposed by the client or the circumstances of the case.

(G) The amount involved and the results obtained.

(H) The undesirability of the case.

(I) The nature and length of the professional relationship with the client.

(J) Awards in similar cases.

(K) The reasonable cost of automated legal research (Computer Assisted Research), if the court finds it was reasonably necessary in preparing a party's case.

(L) Any other factor which the court deems appropriate in the particular case.

Idaho R. Civ. P. 54(e)(3).[4]

---

[4] The lodestar calculation method takes into consideration most of the same factors enumerated in Idaho Rule of Civil Procedure 54(e)(3). *See, e.g., Kerr v. Screen Extras Guild, Inc.* 526 F.2d 67, 70 (9th Cir. 1975) (setting forth the factors to be considered in determining the reasonableness of an attorney fees request.), *abrogated on other*

The Court must exercise its discretion when considering the existence and applicability of each factor, giving no one factor undue weight or emphasis. *Nalen v. Jenkins*, 763 P.2d 1081, 1083 (Idaho Ct. App. 1998). "Although these factors must be considered, the Court is not required to make specific findings in the record with regard to how it employed or applied any of the factors." *Smith v. Mitton*, 104 P.3d 367, 376 (Idaho 2004); *see Thomas v. Thomas*, 249 P.3d 829, 839 (Idaho 2011) ("The court need not specifically address all of the factors contained in I.R.C.P. 54(e)(3) in writing, so long as the record clearly indicates the court considered all of them."); *see also Western Mortgage & Realty Co. v. KeyBank National Ass'n*, Slip Copy, 2019 WL 5873455, at *3 (D. Idaho Jan. 2, 2019) ("Although a trial court is not required to make 'specific findings demonstrating how it employed any of the factors in Rule 54(e)(3),' it is required to consider those factors when determining the amount of fees to award."). Importantly, the Court possesses considerable discretion in determining the reasonableness of an attorney fees request. *See Webb v. Ada County*, 195 F.3d 524, 526 (9th Cir. 1999).

First Pocatello seeks fees in the amount of $133,654.50 for 584 hours of work. The Court has considered each of the factors set forth in Rule 54(e)(3) and finds that the attorney fees set forth in counsel's declaration in support of the motion for fees and costs are reasonable.

The case was litigated by experienced attorneys. The specific billing rate for each attorney who worked on the case is set forth in detail in detail in Howard D. Burnett's Declaration in support of the motion. (Dkt. 135-2 at 7 & Exhibit A.) The hourly rates charged by Mr. Burnett and the other attorneys identified in the Declaration are comparable to the reasonable hourly rates of attorneys of similar experience and similar work in this area.

---

grounds by *Blanchard v. Bergeron*, 489 U.S. 87 (1989); *see also Western Mortgage & Realty Co. v. KeyBank National Ass'n*, Slip Copy, 2019 WL 5873455 (D. Idaho Jan. 2 2019) ("The *Kerr* factors are also reflected in Idaho law and are specifically enumerated in Idaho Rule of Civil Procedure 54(e)(3).").

As to the total number of hours billed, the Court finds them to be within reasonable limits given the manner in which the case progressed, the claims raised, and the volume of filings.  The litigation was hotly contested and continued for over 4 years.  *Willnerd v. Sybase, Inc.*, 2012 WL 175341, at *5 (D. Idaho Jan. 20, 2012 (unpublished) ("With increased legal jousting comes the price of attorney fees to the prevailing party.").  Additionally, the amount in controversy was significant, centering on a proposed-but-never-consummated $21,000,000 transaction involving the Gateway West Industrial Center.  Finally, the Court notes that Yellowstone Poky did not object to either the reasonableness of the hourly rates submitted by First Pocatello or the reasonableness of the number of hours billed.  (Dkt. 138 at 2, opposing Defendant's motion for fees and costs because it was "premature" due to "uncertainty remaining as to the overall outcome".)

Therefore, after considering the Rule 54(e)(3) factors, the Court, exercising its discretion, awards First Pocatello, as the prevailing party, attorney fees in the amount of $133,654.50.  The Court also awards costs in the amount of $949.26, consistent with the detailed Bill of Costs previously filed with the Court.  (Dkt. 146.)

Based on the foregoing, IT IS HEREBY ORDERED:

First Pocatello's renewed motion for attorney fees and costs (Dkt. 164) is GRANTED.  The Court awards First Pocatello attorney fees in the amount of $133,654.50 and costs in the amount of $949.26.

DATED this 28th day of September, 2020.

Judge Dee Benson
United States District Judge